## HURLBURT ET AL. v. W. & W. MANUFACTURING COMPANY.

1. ACTION: *Joinder of, on separate instruments.*

Where one obligates himself in writing to perform certain acts, and others in a separate instrument to the same obligee, guarantee the performance of the acts by the first, the obligors in the two instruments being different, an action will not lie on both instruments jointly, even under the Code. But if in such joinder the principal be not served with summons, and the joinder be not objected to by motion or otherwise, it will be waived, and cured by the dismissal of the action as to the principal not served.

2. PRACTICE:    *Motion to set aside default judgment must be in bill of exceptions.*

A motion to set aside a judgment by default, and the answer tendered with it, must be incorporated in the bill of exceptions, and not in the record. The record should show the filing of the motion, but

Hurlburt ét al. v. W. & W. Manufacturing Company.

its recital of the grounds of the motion, and of the accompanying papers, will be no evidence of them in the Supreme Court.

3. PLEADING: *Presumption from pleading, as to kind of contract.*

In this State an alleged contract within the Statute of frauds, will be presumed to have been made in writing, or as required by the Statute, and proof of a written contract will be necessary to sustain the allegation.

APPEAL from *Jefferson* Circuit Court.

Hon. X. J. PINDALL, Circuit Judge.

*N. & J. Erb*, for appellants.

EAKIN, J. The appellant, Hurlburt, as a canvasser for the sale of the Wheeler & Wilson sewing machines, entered into a written contract with the company, in which the terms of his employment, and their reciprocal obligations, were set forth. In general, it may be said, that the company was to furnish a wagon and team for the business, and the machines for sale; and he was on his part, to account for all the property furnished, in accordance with the terms, subject to his commissions.

About the same time, Dodd and the other appellants, together, entered into a separate written agreement with the company, to which Hurlburt was not a party. They referred to Hurlburt's agreement, and under a penalty of one thousand dollars, guaranteed to the company the faithful performance, by Hurlburt, of all he had undertaken, and that he would pay over all that, upon settlement, should be found to be due. The bond contains the following stipulation: "We * * * consent and agree that the Wheeler & Wilson Manufacturing Company, and J. S. Hurlburt may, from time to time, make any modification or modifications, change or changes, of the contract between them, in which we are held as guarantors, as to the territory in which machines are to be sold, or as to times of

sale, price, commissions, or terms of payment of, and for sewing machines, without releasing our liability as such guarantors, and this, our liability as guarantors, shall be and remain the same on said modified contract as on said original contract."

This action was begun against Hurlburt and his guarantors jointly. The complaint exhibits and incorporates, by reference, both instruments, with subsequent written modifications of the first, which it says were made with the knowledge and consent of the guarantors, and in accordance with the stipulation in the contract of guaranty.

It alleges that goods were furnished Hurlburt, by the company, under the agreements, for which, upon request, he failed and refused to account, and claimed that there was due $393 53. A bill of particulars was also filed.

All the defendants, save Hurlburt, were duly summoned. No one appeared to defend, and at the next term the cause was dismissed as to Hurlburt, and judgment by default noted against the others. The court, "upon the oath and evidence of plaintiff," proceeded then to ascertain the amount due, and entered the judgment for the sum stated in the complaint.

So far, there is no serious objection to the regularity of the proceedings. The contracts of the guarantors, and of the canvasser, were separate and distinct, and did not, taken together, bind all parties to the same thing. The guarantors did not bind themselves in the original agreement, to do the acts, but secondarily to answer for damages, in case Hurlburt should not. Where this is done by separate instruments, the parties in each being different, an action will not lie upon both instruments jointly, even under the Code. *Marshall* v. *Peck and Gilmore*, 1 *Dana* (*Ken.*) 610 ; *Harris and Gearheart* v. *Campbell*, 4th *Ib.*, 586 ; cases cited in *Myers' Kentucky Code, p.* 283, *note*

Hurlburt et al. v. W. & W. Manufacturing Company.

·(*f*). But such joinder was waived by want of objection, by motion or otherwise, and cured by the dismissal of the case as to Hurlburt.

There is a criticism of the expression in the record, that the amount was ascertained upon the oath and evidence of the plaintiff, which was a corporation. The expression, however, may be easily conceived to mean, on behalf of the plaintiff. A corporation can only make affidavits and adduce evidence through its agents or officers.

It is noted in the record, that afterwards, during the same term, the defendants made two several motions, in effect, to set aside the default, and tendered an answer. The motions and the answer tendered, are set forth in the transcript, but are not incorporated in any bill of exceptions. Whilst it is proper for the record to show that motions of this class were made and acted upon, neither the grounds of the motions recited therein, nor the papers tendered with them, can be received as evidentiary of the facts therein stated. The grounds upon which the court based its discretion, cannot be known, nor can it be seen whether or not the court abused its discretion without a bill of exceptions, showing the matters set forth in the motions and papers tendered, and the proof upon which they are based. It is not the office of the record, proper, to do that.

2. Bill of exceptions must contain motion to vacate judgment.

The motions to set aside the default were overruled, and the defendants appealed.

The record proper, discloses no error in the judgment as first rendered. It is urged upon us, that the modifications of the original contract, were not of the nature contemplated by the provisions in the guarantor's bond, and that this appears upon the face of the pleadings, inasmuch as they incorporate the several agreements.

If the construction of the instruments were as contended,

**3. PRESU-**
**MPTION of**
**contract,**
**from plea-**
**ding.**
and the alterations were not justified by the license, it is matter which should have been shown by answer. Otherwise *non constat*, but that the alterations may have been made by written consent, or the objections waived. The general rule at common law is, that a contract not described, as made by writing obligatory, or instrument under seal, will be presumed to have been by parol. But the presumption does not extend to the effect that it was *verbal*. Notwithstanding some conflict in the decisions of other States, it is well settled in this State, that a contract within the Statute of frauds, alleged to have been made, will be presumed to have been made *in writing*, or as required by Statute, and this is supported by the greater weight of authority. Issue may be taken on the allegation, which would require proof of a written contract. See authorities collected in *Brown on Statute of Frauds*, sec. 505, and the opinion delivered by Mr. Justice COMPTON in *McDermot* v. *Cable et al.*, 23 *Ark.*, 200.

If we were inclined, or thought it safe practice to notice the matters recited in the transcript, as grounds for the motions, or in the answers tendered, which for want of a bill of exceptions, we do not, we could not clearly see that there had been an abuse of discretion. The showing on the part of the defendants, that they had been misled by the plaintiff, or its authorized agents, to decline making any defense, confiding in an agreement for a settlement made, pending the suit, is combatted by an affidavit on the part of complainant, which, on its part, further offers to credit the judgment with all machines which might be returned in compliance with propositions pending the suit to that effect.

Declining, however, to examine into the matter of abuse of discretion, for want of a bill of exceptions, showing the abuse, we, upon that ground, affirm the judgment.