WRIGHT v. MIDLAND VALLEY RAILROAD COMPANY.

Opinion delivered January 26, 1914.

1. BILL OF EXCEPTIONS—PURPOSE OF.—The office of a bill of exceptions is to bring into the record that which does not otherwise appear therein, and which it is necessary to bring to the notice of the court to which the appeal is taken. (Page 201.)

2. APPEAL—MOTION TO SUPPRESS EVIDENCE—BILL OF EXCEPTIONS.— Where affidavits or other evidence are used on the hearing of a motion to suppress a deposition, if they are not preserved in a bill of exceptions, they will not be considered on appeal. (Page 201.)

3. JUDGMENT—VALIDITY—PRESUMPTION.—A judgment is presumed valid and will be affirmed on appeal, where there is nothing in the record to overcome that presumption. (Page 202.)

4. CONTINUANCES—TESTIMONY OF DECEASED WITNESS.—It is not error to refuse a continuance of a cause to permit a party to prove the testimony of a deceased witness as given in a deposition, where the deposition had properly been suppressed. (Page 202.)

5. APPEAL AND ERROR—FAILURE TO GIVE INSTRUCTION—HARMLESS ERROR. —Where in an action for damages against a railroad company, the jury found for the defendant, the plaintiff was not prejudiced by the failure of the court to give certain requested instructions on the measure of damages. (Page 202.)

6. INSTRUCTIONS—DUTY TO MAKE SPECIFIC OBJECTIONS.—Where a cause is fully and fairly submitted to the jury, a party must object specifically to the wording of an instruction given by the court. (Page 203.)

7. CARRIERS—PERISHABLE PROPERTY—DUTY TO PROTECT.—A railway company will not be liable for damages to a shipment of peaches, when the car was properly iced at the nearest icing station to the point of shipment, and was reiced again at the same station immediately after it was loaded by the shipper. (Page 204.)

Appeal from Sebastian Circuit Court, Greenwood District; *Daniel Hon,* Judge; affirmed.

STATEMENT BY THE COURT.

In July, 1907, certain fruit growers living near Greenwood, in Sebastian County, Arkansas, delivered to the Midland Valley Railroad Company for shipment, on different dates, three cars of peaches consigned to Adam Miller, in the city of New York. When the peaches arrived at their destination a considerable portion of them was rotten, and on that account had greatly deteriorated in value. Three separate suits were brought by the consignee and the consignors against the railroad company to recover damages. The complaints alleged that the cars furnished for the shipment of the peaches were not properly iced and also that the peaches were damaged on account of the negligent delay of the carrier in forwarding them to their destination. The railroad company filed an answer in which it denied both allegations of negligence. The cases were consolidated for the purpose of trial.

So much of the evidence as is necessary for a determination of the issues raised by the appeal, briefly stated, is as follows:

In July, 1907, the plaintiffs delivered to the Midland Valley Railroad Company, at Greenwood, Arkansas, on different dates, three car loads of Elberta peaches, all then in good, sound, merchantable order and shipping condition, and consigned for transportation over the line of said railroad company to Adam Miller, in New York city. When the cars arrived at their destination, a considerable portion of the peaches was found to be rotten and was, therefore, of much less value than when delivered to the railway company for shipment. The plaintiffs also introduced testimony tending to show that the cars were negligently delayed by the railroad company for several days in the course of transportation; that the cars were not properly iced, and that the peaches decayed, by reason of the negligence of the railway company in not properly icing the cars. Plaintiffs also introduced testimony tending to show that the cars were not properly re-iced while in transit. On the other hand, evidence was adduced by the railroad company tending to show that the cars were sent forward in due course of business, and that there was no delay in forwarding the same; that the cars were properly iced when delivered to the consignor for the purpose of loading them with the peaches, and that they were constantly kept re-iced in a proper manner while *en route* to their destination; that there was no icing station at Greenwood, where the cars were loaded; that the cars were properly iced at Fort Smith, the nearest icing station, before they were delivered to the consignors at Greenwood to be loaded; that the city of Fort Smith is about twenty miles distant from Greenwood, and that the cars were re-iced there, as soon as they arrived on their way to their destination.

There was also testimony tending to show that it took from two to three days for the shippers to load the peaches in the cars, and that this was an unreasonable time to use for that purpose; that on account of this delay in loading the peaches the icing in the cars ran low, and that this caused the damage to the peaches.

Other evidence will be referred to in the opinion.

Adam Miller died during the pendency of the suit, and the case was duly revived in the name of his administrator. There was a trial before a jury, which resulted in a verdict for the railroad company, and the plaintiffs have appealed.

*Prentiss S. Rowe* and *Robt. A. Rowe,* for appellant.

1.    It was error to suppress the deposition of Adam Miller, which was taken upon interrogatories and cross interrogatories, after full compliance with the statutes regulating the taking of depositions upon interrogatories.  Kirby's Dig., § § 3178-9, 3180.

2.    After suppressing the deposition of Adam Miller, it was error to refuse appellant's motion for a continuance to enable him to take testimony to show what he had testified to, he having died after having given his deposition.  Jones on Evidence, § 336, and note 56-a; 18 Ala. 343; 30 Conn. 565; 5 Ill. 575; 87 Mich. 400; 7 Blackf. (Ind.) 10; 1 Ia. 530; 1 La. Ann. 391; 97 U. S. 693; 12 Atl. (Pa.) 460; 14 Me. 201; 1 Gill (Md.) 95; 70 Mo. 624; 99 U. S. 145; 6 Ired. (N. C.) 30; 5 Den. 370, 49 Am. Dec. 275; 36 Vt. 142; 113 Ga. 327; 76 Minn. 358.

3.    The court should have given instructions 5 and 6, requested by appellant on the measure of damages    73 Ark. 112; 74 Ark. 358; 46 Ark. 485; 48 Ark. 502.

4.    The seventh instruction, given at appellee's request, is erroneous in that there is no evidence that damage was caused in loading nor that there was delay in loading caused by the plaintiff.  66 Ark. 506; 71 Ark. 38; 76 Ark. 468; 70 Ark. 337; 74 Ark. 563.  It is abstract. 96 Ark. 618; 63 Ark. 177; 76 Ark. 348; *Id.* 599; 77 Ark. 20; 78 Ark. 177; 80 Ark. 260.

5.    The court's instructions with reference to the duty of the appellee to re-ice the cars are erroneous, and its instruction 12, especially on this point, is contrary to the law as declared by this court in the Renfroe case, 82 Ark. 148-150.  The time necessary to load a car with peaches varies with the season, the conditions influencing the slowness or rapidity with which the crop ripens; and

if there is delay in loading creating a necessity to re-ice the cars, it is the duty of the company to do so, and to keep them properly iced during the process of loading, and not "after same was loaded and turned over to it."

*Ira D. Oglesby,* for appellee.

1.   The court can not on appeal consider an alleged error of the trial court in suppressing a deposition, where the motion to suppress, and the testimony introduced at the hearing thereof are not brought into the record by bill of exceptions.

2.   If the order allowing the filing of the substituted bill of exceptions be treated as valid, still, on the merits the case must be affirmed because the bill of exceptions on its face shows that it does not contain all the evidence introduced at the trial.   94 Ark. 115; 72 Ark. 183; 75 Ark. 76; 35 Ark. 412; 74 Ark. 427; 83 Ark. 356.

3.   There is no error in the instructions.   Appellee's contention was that the cars were turned over to appellants properly iced; that they detained the cars unnecessarily at Greenwood where no ice could be had, even had they requested re-icing, and that the peaches were damaged on account of appellant's delay in loading.   The verdict sustains this theory and negatives any claim of negligence on the part of appellee.

The Renfroe case, 82 Ark. 143, relied on by appellant, has no application under the facts.

Hart, J., (after stating the facts).   It is first insisted by counsel for plaintiffs that the court erred in suppressing the deposition of Adam Miller, the person to whom the peaches were consigned.   The transcript shows that the court, after hearing the testimony offered in support of and against the motion to suppress, suppressed the deposition of Adam Miller, to which ruling the plaintiffs at the time excepted and asked that their exceptions be noted of record, which was accordingly done.   Then follows a call in the bill of exceptions for the clerk to copy the deposition of Adam Miller.   There is also attached to the transcript an affidavit in support

of the motion and one against it, but there is no call in
the bill of exceptions for these affidavits, nor is there any
call for any testimony that was heard before the court in
support of or against the motion to suppress the deposi-
tion.    The record proper is the complaint, summons and
all subsequent pleadings and orders of the court, includ-
ing the verdict and judgment.    *Lenox* v. *Pike,* 2 Ark. 14.
The office of the bill of exceptions is to bring into the
record that which does not otherwise appear therein and
which it is necessary to bring to the notice of the court
to which the appeal is taken.    *Kirksey* v. *Cole,* 47 Ark.
504; *Berger* v. *Houghton,* 84 Ark. 342, and cases cited.
This court has repeatedly held that where affidavits, or
other evidence, are used on the hearing of a motion for
a continuance, if they are not preserved in a bill of ex-
ceptions they will not be considered in this court.    *Watts*
v. *Cohn,* 40 Ark. 114; *Philips* v. *Reardon,* 7 Ark. 256;
*Wise* v. *Martin,* 36 Ark. 305.    While it is true that what
purports to be copies of an affidavit in support of, and
one against, the motion to suppress the deposition are
attached to the transcript, still this evidence, not having
been made a part of the bill of exceptions, can not now
be considered by us on appeal.    Moreover, the record
sustaining the motion to suppress the deposition shows
that evidence was heard on the motion, but, in order to
render such evidence available on review, it must be in-
cluded in the bill of exceptions.    While it is proper for
the record proper or judgment roll to show that motions
of this kind were made and acted upon, neither the
grounds of the motion cited therein, nor the evidence
tendered therewith, can be received as evidentiary of the
facts therein stated, unless they are preserved by bill
of exceptions.    The grounds upon which the court based
its discretion in suppressing the deposition can not be
known, nor can it be seen whether or not the court abused
its discretion, without a bill of exceptions showing the
matters set forth in the motion, and the paper tendered,
and the proof upon which it is based.    *Hurlburt* v. *W. &
W. Mfg. Co.,* 38 Ark. 594; *Hollingsworth* v. *McAndrew,*

79 Ark. 185; *Foohs* v. *Bilby,* 95 Ark. 302.  It follows that the presumption in favor of the validity of the judgment of the circuit court in sustaining the motion to suppress the deposition not having been overcome by anything contained in the record, its ruling must be affirmed.

It is next contended by counsel for plaintiffs that the court erred in refusing them a continuance for the purpose of proving what Adam Miller had testified to in his deposition, he having died since the deposition was given.  Plaintiffs stated in their motion for continuance that they could prove by the notary who took the deposition the testimony given by Adam Miller in it.  The deposition given by Adam Miller would be the best evidence of what he testified to, and if it could be proven in this way, or by the testimony of the notary who took it, it is manifest that the action of the court in suppressing the deposition was a vain and useless thing; for by this means the plaintiff could do indirectly what the court had already held they could not do.  Counsel for plaintiff, in support of their contention, rely on cases where the testimony of a deceased witness, once properly taken, can be read in evidence in any subsequent suit between the same parties.  One of the prerequisites of admitting what a deceased witness testified to is proof of the fact that the testimony was once legally taken; and as the court has already held that the deposition of Adam Miller could not be legally read as evidence in the case, the deposition stands as if it had never been taken in the case, and proof of what he stated in it would be merely hearsay for the same reason that proof of what he had stated at any other time, or in an *ex parte* affidavit, would be hearsay.

It is next contended by counsel for plaintiffs that the court erred in refusing certain instructions asked by them on the measure of damages.  The verdict of the jury was in favor of the defendant.  Hence, the question of the measure of damages did not arise, and plaintiffs are not prejudiced by the court's refusal to give the instructions, even if they were correct.  *Capitol Fire Ins.*

*Co.* v. *Kaufman,* 91 Ark. 310; *Jonesboro, L. C. & E. Rd. Co.* v. *Cable,* 89 Ark. 518.

It is next insisted by counsel for plaintiffs that the court erred in giving instruction No. 7 at the request of the defendant. It is as follows:

"The court instructs you that the defendant is not responsible for any damage that was caused to the peaches which was caused by delay in loading the cars after same were furnished by defendant for loading."

Counsel for plaintiffs contend that this instruction is open to the objection that the court assumed that the peaches were damaged because of the delay in loading the cars. If counsel thought the instruction was open to this objection, they should have made a specific objection to it, and doubtless the trial court would have changed the verbiage of it to meet their objection. The plaintiffs ordered cars for the shipment of peaches to be sent to Greenwood at a certain time, and the cars were delivered to them by the railroad company. Greenwood had no icing station or ice house. The testimony for the defendant shows that the cars were iced at Fort Smith, the nearest icing station, before they were sent to Greenwood and delivered to the plaintiffs for loading. There was testimony from which the jury might infer that the plaintiffs did not promptly load the cars and that the damage to the peaches was sustained on this account. The testimony of the defendant shows that after the cars were loaded they were promptly moved forward and re-iced at the first station and properly iced from that time on until they arrived at their destination. On the other hand, the theory of the plaintiffs was that the defendant did not properly ice the cars in the first instance and did not keep the cars properly iced in transit and did not properly move them after plaintiffs loaded them. The jury was told that it was the duty of defendant to furnish cars to plaintiffs properly iced and that it was also defendant's duty to keep them properly iced in transit and that if it did not do so it was liable. The jury was also told that if it found there was a negligent delay on

the part of the defendant in moving and handling the cars it was liable. The instructions of the court, when considered as a whole, show that the respective theories of the parties to this suit were fully and fairly submitted to the jury, and it can not be doubted that if the objection now made to instruction No. 7 had been made in the trial court, the court would have changed the language of the instruction in accordance with the request of the plaintiffs.

Counsel for plaintiffs also insist that the court erred in giving instruction No. 12 at the request of the defendant, which is as follows:

"Defendant was not required to re-ice the cars at Greenwood, if the necessity to do so was caused by delay in loading the cars. But it was its duty to re-ice same as soon as it could in the due course of its business do so after same were loaded and turned over to it."

In support of their contention they cite the case of *St. Louis, I. M. & S. Ry. Co.* v. *Renfroe,* 82 Ark. 143. But we do not think that case an authority for their contention. In that case the car had been loaded at Alma, Ark., and was *en route* to destination when it reached Van Buren, Arkansas; and the court held that the evidence warranted the jury in finding that the railroad company was negligent in failing to use ordinary care to see that the car was kept properly iced at Van Buren before it started to Kansas City. Here the car was loaded at Greenwood, and there was no icing station there. The cars, according to the testimony of the defendant, had been properly iced at the nearest station before they were sent to Greenwood, and the court properly told the jury that the railway company was not required to re-ice the cars at Greenwood if the necessity to do so was caused by the delay of the plaintiffs in loading the cars. To hold otherwise would prevent shippers of fruit at stations where there was no icing plant from shipping out their fruit in refrigerator cars because the railroad company could not be required to keep icing plants at all of its stations.

Objections were made to certain other instructions

given at the request of the defendant, but these objections are based on the principle of law last discussed by us, and what we have already said applies equally to the other instructions complained of. Therefore, we do not deem it necessary to set them out or to discuss them in detail. It follows that the judgment must be affirmed.