ST. LOUIS & SOUTHWESTERN RY. CO. et al. v. GRANT. (No. 5425.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 24, 1915. Rehearing Denied March 24, 1915.)

CARRIERS ⬦134—CARRIAGE OF PERISHABLE FREIGHT—FAILURE TO ICE CARS—NEGLI-GENCE.

A carrier sent a car fully iced to a station not an icing station for loading of perishable freight by a shipper who unnecessarily delayed the car until the ice was too low to protect the freight. The carrier, as soon as he reached the nearest icing station, filled the car with ice, and did not delay the movement of the car. The freight when delivered to the carrier was apparently sound, and when delivered to the consignee at destination it was in a defective condition. The consignor could have loaded the car in 10 hours, but delayed it 34 hours. *Held*, that the carrier was not guilty of actionable negligence, though the freight was delivered in apparent good condition and on arrival at destination was in bad condition.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 588–592, 607; Dec. Dig. ⬦134.]

Appeal from Bexar County Court; John H. Clark, Judge.

Action by R. A. Grant against the St. Louis & Southwestern Railway Company and another. From a judgment for plaintiff, defendants appeal. Reversed and rendered.

Cobbs, Eskridge & Cobbs, of San Antonio, and Wilson, Dabney & King, of Houston, for appellants. McCollum Burnett, of San Antonio, for appellee.

FLY, C. J. This is a suit for damages to a car load of peaches shipped from Pittsburg, Tex., to San Antonio, in July, 1913, instituted in the justice's court, appealed by appellants to the county court, and from the latter court to this court from a verdict and judgment for $186.55. The suit was instituted against the St. Louis & Southwestern Railway of Texas and the International & Great Northern Railway Company. The only ground of negligence is "failure to re-ice a certain car of peaches, transported over said lines of railway, on or about July 25, 1913, same being transported from Pittsburg, Tex., to San Antonio, Tex."

F. G. Jones, testified, for appellee, that on or about July 25, 1913, he loaded a car of peaches at Pittsburg destined to San Antonio, that the peaches were in apparent good condition, and were consigned to appellee. He arranged with the railroad company to ice the car and keep it iced to destination. He testified that Pittsburg is a small town and has no icing plant for cars, but cars are iced in Tyler, and sometimes in Mt. Pleasant, and sent to Pittsburg iced. The car was detained at Pittsburg through the negligence of the shipper, as he paid a fine for the detention.

That the peaches were in a damaged condition when they reached San Antonio is not denied. The uncontradicted testimony shows that the car was placed by the railway companies in Pittsburg with its bunkers full of ice, that when it left Pittsburg the bunkers were only third filled, that when the car reached Tyler, the nearest icing station, 8,-100 pounds of ice were placed in the bunkers, that when the car reached Taylor 3,800 pounds of ice were placed in the bunkers, and they were again filled when the car reached San Antonio. There is no testimony tending to show that there was insufficient ice in the car at any time, except, perhaps, when it left Pittsburg.

When appellants sent the car fully iced to Pittsburg, a small place where there was no icing station, they had fulfilled the duties incumbent upon them, and, if appellee unnecessarily delayed the car at Pittsburg until the ice had melted below the safety point, appellants cannot be held liable for the results. Wright v. Railway (Ark.) 163 S. W. 1151. The evidence in this case shows that the car, with its bunkers full of ice, was placed for loading, in Pittsburg, at 1 o'clock p. m. on July 23d, and that appellee's agent finished loading it at 11 p. m. July 24th; 34 hours being consumed in loading. The inference is that 10 hours were sufficient in which to load the car, because the party who loaded the car paid without murmuring a fine of $5 for detention of the car for a day, under the demurrage rules of the Texas Railroad Commission. It was undisputed that 35 baskets of the peaches laid on the platform at Pittsburg for a length of time before loading. It is not contended that there was any delay on the part of appellants in the transportation of the peaches, and all the testimony tends to show that appellants were diligent in keeping an abundance of ice in the bunkers of the car.

In order to make out a case, appellee was compelled to show that the peaches were damaged by the negligence of appellants in failing to "re-ice" the car, and that was not done, for all of the evidence shows that the car was full of ice when it was delivered for loading to the consignor in Pittsburg, and that as soon as appellants reached the nearest icing station the car was again filled with ice. They cannot be held responsible for the ice getting too low, if it did get too low, in Pittsburg, for it is not claimed that they delayed the movement of the car, but that appellee's consignor delayed the shipment for a whole day. There is not a word of testimony tending to show that the car was not properly iced and kept in that condition on the way. Appellee has nothing to rely upon but the fact that the peaches were placed in the car in apparent good condition and arrived in San Antonio in bad condition. That is not sufficient, and cannot be sufficient when

the entire testimony tends to show a performance of duty.

There is some conflict of opinion on the question as to whether a prima facie case is made, when it is proved that perishable property was delivered to the carrier in a sound condition and was delivered by it in a damaged condition. We think Elliott is correct when he says:

"But the rule which affirms that the burden is on the shipper in such cases rests, we think, on solid foundations. It seems to have been overlooked, but there are few, if any, well-considered cases in which it has been expressly denied." Elliott on Railroads, § 1516.

It does not matter in this case, however, upon whom the burden rested, for the reason that appellants completely met the charge of negligence made by appellee.

The judgment is reversed, and judgment here rendered that appellee take nothing by his suit and pay all costs in this behalf expended.