BLACK *v.* CLARY.

5-2864                                363 S. W. 2d 528

Opinion delivered January 14, 1963.

*Shaver, Tackett & Jones,* for appellant.

*Robinson & Robinson,* for appellee.

PAUL WARD, Associate Justice. This is a dispute between appellant and appellees over the title to certain lands formed by accretion.

Appellees, Odell Clary and George Gaston, bought their land from R. P. King in 1948. This land, which is described by metes and bounds, consists of 231 acres lying in fractional sections 7 and 8, Township 18 south, Range 25 west. All this land (prior to accretions) was in Lafayette County, and all of it lies east of Red River. It appears from the record that at one time the southeast boundary of appellees' land was the center line of what is called Old Red River or Kitchen's Bend Lake. Appellant owns land known as Kitchen's Bend Island, in fractional sections 7, 8, 17 and 18, Township 18 south, Range 25 west—all in Miller County. The plat introduced in the record shows that appellees' lands lie north and west of appellant's land; that the center line of Old Red River or Kitchen's Bend Lake was originally the dividing line between the two parcels of land, and that Lafayette County (at this particular point) is north of Miller County.

It appears undisputed that many years ago, as the bed of Red River shifted positions, new land was added by accretion to the lands of appellant and appellees. It appears also that the said accretions began at a point in the middle of what is now Old Red River and continued to form in a southwesterly direction. This accreted land is the subject of this litigation. It is undisputed that in 1946 R. P. King built a fence from the point above described (where the accretion began) which ran in a southwesterly direction (apparently) to Red River as now located. It is indicated by the plat introduced in evidence that this fence runs from Lafayette County to Miller County.

Appellees filed this suit on January 6, 1961, in Lafayette County, to enjoin appellant from trespassing on the accreted land on the north side of the fence previously described, and asking to have their title quieted to the accreted lands north of the said fence and for $1,000 in damages. The trial court, after a full hearing, denied damages, but decreed that title to the disputed lands (north of the fence) be "fully invested and confirmed in plaintiffs by the laws of accretion and of adverse possession".

From the above decree appellant prosecutes this appeal, seeking a reversal on the two grounds hereafter set out.

*One.* It is first insisted by appellant that "The trial court was without jurisdiction". Appellant's argument on this point is: (a) It is conceded appellees' base tract of land was (originally) in Lafayette County, and likewise all of appellant's base tract was in Miller County; (b) It is conceded also that (originally) the line which divided Lafayette County from Miller County also divided appellant's land from appellees' land: (c) Consequently none of the accreted lands could possibly be in Lafayette County, and therefore the chancery court of Lafayette County could not have jurisdiction under Ark. Stats. § 27-601. The pertinent portion of this section, in substance, states: Actions for the recovery of real property or any interest therein must be brought in the coun-

ty in which the property or "some part" thereof is situated.

We would be constrained to agree with the above argument except for one thing—there is nothing in the record (including both the testimony and the plat) which shows conclusively that "some part" of the accreted lands is not located in Lafayette County. That being the situation we must indulge the presumption the trial court had jurisdiction. See: *Tipton, Administrator, Ex Parte,* 123 Ark. 389, 185 S. W. 798. The trial court, in the decree, found as a fact that it "has jurisdiction of the parties and the subject matter". In the case of *Crockett* v. *Bearden,* 203 Ark. 48, 156 S. W. 2d 79, an almost analagous question arose as is presented here, and, in resolving it, this Court said:

"The court exercised jurisdiction in respect of the lands, which it could not have done had the subject-matter been in a different county; hence, the presumption attaches that the lands were in Greene County."

*Two.* It is also contended by appellant the "evidence was insufficient to award ownership of the accretions to appellees". It is our opinion, however, from an examination of the entire record, that the trial court was justified in finding appellees had acquired the disputed land as accretion to their lands and by adverse possession. R. P. King testified he had purchased the land (now claimed by appellees) in 1946 and took immediate possession; that there were some accreted lands at that time; that he employed the county surveyor to make a survey of the lands and run a line along the center of Old River; that he built a three wire fence in a southwest direction along that line; that he claimed the land to that fence on the north side; that he sold the land to appellees in 1948; and, that he was reasonably sure he notified appellant (or his brother-in-law) he was building the fence; that appellant saw the fence but never objected to it. There was other testimony that the fence was replaced in 1953 by another fence in substantially the same location. Appellant, Clary, testified he and Gaston had been in possession of the land ever since they

bought it in 1947; that they use the land (north of the fence) to pasture cattle; and, that they have improved the pasture. He further testified that appellant never disputed the line until he came into court. The testimony of appellee, Gaston, was substantially the same as that of Clary.

Appellant contends that the possession of appellees was neither adverse nor continuous for seven years but we think the weight of the testimony, coupled with the other facts and circumstances disclosed by the record, supports the finding of the trial court to the contrary.

Notice of adverse possession may be actual or it may be inferred from facts and circumstances, such as grazing cattle, erection of a fence or improving the land. See: *Nall* v. *Phillips*, 213 Ark. 92, 210 S. W. 2d 806; *Baughman* v. *Foresee*, 211 Ark. 149, 199 S. W. 2d 596; and, *Sims* v. *Petree*, 206 Ark. 1023, 178 S. W. 2d 1016.

Affirmed.