Kenneth LOVELESS et ux *v.* Theresa Gale MAY

82-179                                    644 S.W.2d 261

Supreme Court of Arkansas
Opinion delivered January 10, 1983

*Haley & Claycomb*, by: *Robert Stark Ligon*, for appellants.

*Gibson & Gibson, P.A.*, by: *R. Bynum Gibson, Jr.*, for appellee.

Frank Holt, Justice. The appellants seek to adopt two and a half year old Jennifer Neighbors, the natural child of the appellee, of whom they have custody pursuant to a juvenile court order. The issue presented to the probate court was whether the consent of the appellee should be dispensed with pursuant to Ark. Stat. Ann. § 56-207 (a) (2) (Supp. 1981), which provides:

> Consent to adoption is not required of: a parent of a child in the custody of another, if the parent for a period of at least one [1] year has failed significantly without justifiable cause (i) to communicate with the child or . . . to provide for the care and support of the child as required by law or judicial decree;

The probate court held that the appellants failed to show by clear and convincing proof that the appellee had, unjus-

tifiably, for a period of one year failed to communicate with or support Jennifer Neighbors, and therefore, her consent to adoption could not be dispensed with. The natural father of Jennifer is deceased. Appellants first contend these two findings are erroneous. We find no merit in these or other contentions and affirm. We first note that findings of fact by the trial court shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence) and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. ARCP Rule 52.

Appellee was twenty-two years old when Jennifer was born on July 9, 1979. Jennifer lived with the appellee for the first four months of her life and then with the appellants for four months before being returned to her mother for two months. In May 1980 the appellee went to Florida to seek employment, leaving Jennifer with baby sitters. On May 23, 1980, the juvenile court entered a temporary order and on July 2, 1980, a permanent order declaring Jennifer to be a dependent/neglected child within the meaning of Ark. Stat. Ann. § 45-403 (Repl. 1977). The court placed her in the legal custody of the appellants, who are relatives of the appellee. Jennifer has resided with the appellants continuously since May 23, 1980. In February 1981, the appellee petitioned the juvenile court for visitation rights, which were awarded. She exercised her visitation rights on five or six occasions between February and May, 1981, when she returned to Florida to find employment. She also saw Jennifer when she returned for a family reunion on July 4, 1981. The only support provided for Jennifer by the appellee since May 23, 1980, consisted of Christmas gifts in 1980 and presents on July 4, 1981. The appellee testified that she could find no employment locally and had no funds. Her husband, Jennifer's father, abandoned them at Jennifer's birth. The only evidence of her employment between June 1, 1980, and June 1, 1981, is that she was employed at a nursing home for three months during the summer of 1980. There was no testimony with respect to her salary or expenses during this time. There was no testimony that she was employed at any other time during the year from June 1, 1980, to June 1, 1981, the time during which the appellants argue she failed significantly to provide for her daughter's care. Further-

more, it appears undisputed that all parties understood the juvenile court order placed upon the appellants the duty of providing for Jennifer's care and support. The appellants testified that they never expected any contributions toward Jennifer's support from the appellee. This was in accord with appellee's understanding. The appellee testified that she sought advice from the juvenile court judge and from a legal aid lawyer as to what she should do to regain custody of her infant daughter. She was told to stabilize her homelife. She has secured a divorce from Jennifer's father, now deceased, and has remarried. She was not advised that she should contribute to Jennifer's financial support.

Unlike *Pender* v. *McKee*, 266 Ark. 18, 582 S.W.2d 929 (1979), relied upon by the appellants, here appellee was led to believe, in view of the previous court order and advice given to her, that she was not expected to furnish support for Jennifer. In fact, appellants acknowledge that they understood Jennifer's support was their responsibility. Parties seeking to adopt a child without the consent of the natural parents bear the heavy burden of proving by clear and convincing evidence facts which justify dispensing with the required consent of the natural parents. *Harper* v. *Caskin*, 265 Ark. 558, 580 S.W.2d 176 (1979); *Henson* v. *Money*, 273 Ark. 203, 617 S.W.2d 367 (1981). Here, we cannot say that the trial court clearly erred in holding that the appellants had failed to meet their burden of proving by clear and convincing evidence that no justifiable cause existed for the appellee's asserted failure to communicate with or provide support for her infant child.

The appellants argue that the probate court erred in refusing to grant a new trial on the ground that Ark. Stat. Ann. § 56-214 (c) (Supp. 1981) requires that the issues of parental consent and the best interest of the child be adjudicated simultaneously; that the probate court erred in failing to grant a new trial on the ground of newly discovered evidence relevant to the issue of the best interest of the child; and that the probate court erred in bifurcating the hearing and failing to receive evidence on the issue of whether the adoption would be in the best interest of the child. We cannot agree. At the beginning of the hearing, the probate judge proposed to conduct a bifurcated hearing

whereby the issue of whether the appellee's consent could be dispensed with would be heard immediately. If that issue were decided in the appellants' favor, then the issue of whether the adoption would be in the best interest of the child would be adjudicated at a later date. The attorneys for both parties agreed to this procedure. Since the attorney for the appellants agreed to the procedure without objection, these points are not properly preserved for appeal and will not be considered. *Wicks* v. *State,* 270 Ark. 781, 606 S.W.2d 366 (1980).

Appellants next insist that the trial court erred in refusing to consider the issue of whether the appellee's parental rights should be terminated pursuant to Ark. Stat. Ann. § 56-220 (c) (2) and (c) (3) (Supp. 1981) and in refusing to admit evidence on this issue. It does not appear that relief pursuant to § 56-220 was sought in the appellants' petition for adoption, nor does it appear that any evidence on this issue was offered. As indicated, counsel for the appellant agreed to proceed solely on the issue of whether the consent of the appellee could be dispensed with pursuant to § 56-207 (a) (2). Since this issue was not raised in the probate court, it will not be considered on appeal. *Wicks* v. *State, supra.*

Appellants' final point is that the probate court erred in neither having the individual to be adopted present at the hearing nor excusing her presence as required by Ark. Stat. Ann. § 56-214 (a) (Supp. 1981). The record is silent as to whether the child sought to be adopted was present. Here, unlike *Nelson* v. *Shelly,* 268 Ark. 760, 600 S.W.2d 411 (Ark. App. 1980), upon which the appellants rely, the parties standing *in loco parentis* and having custody of the child were present, and it is they who now complain that the required presence of the child was not obtained. In these circumstances and in the absence of a clear showing that the statute was not complied with, we will indulge in the presumption that the court below had jurisdiction and acted correctly. See *Wright* v. *Midland Valley Rd. Co.,* 111 Ark. 196, 163 S.W. 1151 (1914); *Davie, Executrix* v. *Smoot,* 202 Ark. 294, 150 S.W.2d 50 (1941); and *Black* v. *Clary,* 235 Ark. 1001, 363 S.W.2d 528 (1963).

Affirmed.