A.G. "Bud" MARTIN, Jr., Appellant,

v.

Guy BOBO & Nellie Bobo, Appellees.

No. CA–08–651.

Court of Appeals of Arkansas.

Feb. 11, 2009.

See also, 364 Ark. 564, 222 S.W.3d 197.

Wilson, Walker & Short, by: Charles M. Walker, Hope, for appellant.

McKenzie, Vasser & Barber, by: A. Glenn Vasser, Prescott, for appellees.

RITA W. GRUBER, Judge.

Appellant A.G. "Bud" Martin, Jr., appeals from an order of the Hempstead County Circuit Court granting summary judgment to appellees Guy and Nellie Bobo and quieting title to certain lands in dispute in the Bobos. Appellant's sole argument on appeal is that the circuit court erred by quieting title in appellees because their claim to the disputed land was barred by the doctrine of res judicata. We hold that the circuit court was correct in finding that res judicata was not a bar to appel-

lees' quiet-title action, and therefore we affirm the circuit court's order.

The disputed land lies near the Red River, which separates Miller County from Hempstead County. The land is referred to by the parties and in the circuit court's order as Tract No. 2 and is described as follows: All of that part of the East One–Half of the Northeast Quarter (E½NE¼) of Section 30, Township 14 South, Range 25 West lying East of the center of the Bois D'Arc Creek in Hempstead County.

In their motion for summary judgment to quiet title to Tract No. 2 in them, appellees attached an affidavit showing continuous and exclusive adverse possession of Tract No. 2 for over thirty years. They also provided evidence that neither appellant nor his predecessors in title had ever made a claim to Tract No. 2. In response to the motion, appellant provided no affidavit or other evidence to dispute or contradict the facts supporting appellees' claim of adverse possession. Rather, appellant contended that appellees' claim was barred by the doctrine of res judicata. Specifically, appellant argued that he and his predecessors in title, Clinton D. Jones and his family, were involved in a quiet-title action with appellees in Hempstead County Circuit Court in which the court quieted title in the Jones family to the land in dispute in this case.

In a letter opinion dated June 9, 2004, the circuit court described the following land as the "areas in dispute" in the previous case:

Part of the Southwest Quarter and part of the Northwest Quarter of Section 29, the East One–Half Southeast Quarter of Section 30, and part of the East One–Half Northeast Quarter, Section 31 are the areas in dispute. Specifically the area west of the dotted line running through these areas which is ear marked as encroachment area on the Bud Martin property survey by James Cole is the area of dispute.

The court then entered an order quieting title to the following described property in the Jones family, which we note is the precise description used in the deeds through which the Jones family acquired the property:

TRACT 1: The South Half of Section 29, containing 318 acres, more or less; the fractional East Half of the Southeast Quarter of Section 30, containing 53.41 acres, more or less, the fractional East Half of the Northeast Quarter of Section 31, containing 64.66 acres, more or less, and the North Half of Section 32, containing 320 acres, more or less, all the lands above described being situated in Township 14 South, Range 25 West, and containing in the aggregate 756.07 acres, more or less . . .

TRACT 2: The Northeast Quarter and fractional Northwest Quarter, all in Section 29, Township 14 South, Range 25 West, and containing 266 acres, more or less, together with all accretions thereto. . . . [1]

Appellant argued that TRACT 2, described in the prior litigation, was the same land that was in dispute in this case. Because the East One–Half of the Northeast Quarter of Section 30—in dispute in this case—is immediately west of and formed by accretion to the Northeast Quarter and fractional Northwest Quarter, all in Section 29—in dispute in the prior litigation—appellant argued that the language "together with all accretions thereto" used in the prior litigation referred to

---

1. The supreme court affirmed the circuit court's order in *Bobo v. Jones,* 364 Ark. 564,

222 S.W.3d 197 (2006).

and included the property in the East One–Half of the Northeast Quarter of Section 30.

The circuit court in this case rejected appellant's argument, finding that Tract No. 2, in dispute in this case, was not included in the prior litigation but was contiguous to Section 29, which was involved in the prior litigation. The court also found that no claims of ownership by record title or accretion were made by appellant or the Jones family in the prior litigation to the land in dispute in this case. Noting that appellant presented no evidence to dispute or contradict the facts supporting appellees' claim of adverse possession, the court held that no genuine issue of material fact existed and granted appellees' motion for summary judgment, quieting title to Tract No. 2 in appellees.

■ The sole issue on appeal is whether the circuit court erred in failing to apply the doctrine of res judicata in this case. Ordinarily, upon reviewing a court's decision on a summary-judgment motion, we would examine the record to determine if genuine issues of material fact exist. However, in a case like this one that does not involve the question of whether factual issues exist but rather the application of the legal doctrine of res judicata, we simply determine whether appellees were entitled to judgment as a matter of law. *Ruth R. Remmel Revocable Trust v. Regions Fin. Corp.*, 369 Ark. 392, 402, 255 S.W.3d 453, 461 (2007).

■ The doctrine of res judicata consists of two facets: issue preclusion, which is often referred to as collateral estoppel, and claim preclusion, which appellant is claiming applies in this case. *See Beebe v. Fountain Lake School Dist.*, 365 Ark. 536, 231 S.W.3d 628 (2006). Claim preclusion bars the relitigation of a subsequent suit when five elements are met: (1) the first suit resulted in a final judgment on the

merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. *Council of Co–Owners for Lakeshore Resort & Yacht Club Horizontal Prop. Regime v. Glyneu, LLC*, 367 Ark. 397, 401, 240 S.W.3d 600, 604 (2006). The critical element in dispute in this case is whether both suits involve the same claim or cause of action.

■ Appellant argues on appeal that TRACT 2 from the prior litigation is the same property that is in dispute in this case. Specifically, he contends that the language from the prior order, "all accretions thereto," refers to any property west of the Northeast Quarter and fractional Northwest Quarter of Section 29. Because the property in dispute in this case is west of this property, he claims it is an accretion to Section 29 and was quieted in the Jones family in the prior litigation. He asserts that a review of the original government survey for Section 29 demonstrates that there was no such thing as a Section 30 in Hempstead County, and that the Red River originally cut through Section 29, resulting in a fractional quarter section described as the fractional Northwest Quarter of Section 29. He argues that Section 30 existed only in Miller County. He contends that the gradual move by the Red River to the west led to the accretions to Section 29, which the circuit court quieted in the Jones family in the prior litigation. Thus, he argues, any lands formed to the west of the original fractional Northwest Quarter of Section 29 are "accretions thereto" and included in the prior decree.

The parties do not dispute that accretion is the gradual deposit and addition of soil along the bank of a water body caused by

the gradual shift of the water body away from the accreting bank. *Swaim v. Stephens Prod. Co.*, 359 Ark. 190, 196 S.W.3d 5 (2004). Nor do the parties challenge whether the property in dispute is accreted land. There is also no dispute that the accretion was not recent and that appellees have been in adverse possession of this "accreted" land for over thirty years. The dispute is whether "[a]ll of that part of the East One–Half of the Northeast Quarter (E½NE¼) of Section 30, Township 14 South, Range 25 West lying East of the center of the Bois D'Arc Creek in Hempstead County" is the same property described by—and thus the same claim or cause of action as—"[t]he Northeast Quarter and fractional Northwest Quarter, all in Section 29, Township 14 South, Range 25 West, and containing 266 acres, more or less, together with all accretions thereto" for purposes of res judicata.

The United States System of Surveying the Public Lands, enacted in 1785 and modified since by various acts of Congress, divides land across the United States into townships that are six miles square running along north-south and east-west lines. Charles B. Breed & George L. Hosmer, *The Principles and Practice of Surveying, Volume I. Elementary Surveying* 120–21 (3d ed.1908); *see also Journals of the Continental Congress, Volume XXVIII* (J.C. Fitzpatrick ed., 1933–34). Each Township is then divided into thirty-six sections. A section is a mile square and contains 640 acres, more or less. *American Law of Property*, Vol. III § 12.100 (Little, Brown & Company 1974). Sections do not always fall completely within one county, or even one state, but may exist on both sides of a county or state border. *See Alphin v. Banks*, 193 Ark. 563, 102 S.W.2d 558 (1937). In *Alphin*, the court indicated that many sections along the southern boundary of Arkansas are fractional because the north portion of the sections are in Arkansas and the south portion of the sections are in the State of Louisiana. *See also Black v. Clary*, 235 Ark. 1001, 363 S.W.2d 528 (1963) (parts of several sections in dispute lay in Lafayette County and parts in Miller County, divided by the Red River).

We reject appellant's argument that Section 30 does not exist in Hempstead County. The Red River moved west. Indeed, this is the reason appellant's predecessors acquired land by accretion in the prior litigation. While most of Section 30 may have existed in Miller County in 1819 at the time of the original government survey referred to by appellant in his brief, this is no longer the case, as is evidenced by the surveys used as exhibits in the prior litigation, including the survey designated "Bud Martin Property Survey." All of the surveys include part of Section 30 in Hempstead County. The "Jones Property Survey" actually depicts the East One–Half of the Northeast Quarter of Section 30 as the "Guy Bobo" land. Finally, the circuit court's order in the prior case quieted title in the Jones family, appellant's predecessor in title, to "the fractional East Half of the Southeast Quarter of Section 30, containing 53.41 acres, more or less." This order, including the circuit court's underlying determination that the property was located in Hempstead County, was affirmed by our supreme court. *Bobo*, 364 Ark. at 568, 222 S.W.3d at 201.

█ The property in dispute in this case is in Section 30, not in Section 29. Whether the property is an accretion and whether appellant might have had some claim to the land under that theory is not at issue in this case. He has not disputed appellees' claim of adverse possession of the disputed property. The East One–Half of the Northeast Quarter of Section 30 was not in dispute in the prior litigation. The

doctrine of res judicata applies against a party only when both suits involve the same claim or cause of action and the party had a fair and full opportunity to litigate the issue in question. *Carwell Elevator Co., Inc. v. Leathers,* 352 Ark. 381, 389, 101 S.W.3d 211, 217 (2003). We hold that, for purposes of res judicata, property located in Section 30 is not sufficiently described by the language "and accretions thereto" to property located in Section 29 and that appellees did not have a fair and full opportunity to litigate their claim in the prior case to the property in dispute in this case. Therefore, the doctrine of res judicata is not applicable in this case; accordingly, we affirm the order of the circuit court.

Affirmed.

VAUGHT, C.J., and ROBBINS, J., agree.