ROBIN F. WYNNE, Associate Justice 1] Antonio Martini appeals from a final decree of adoption granting an adoption petition filed by his ex-wife’s current spouse, Christopher Price, in which Price sought to adopt Martini’s daughter and former stepson without Martini’s consent. The Faulkner County Circuit Court found that appellant’s consent to the adoptions was not necessary because he had failed for a period of at least one year without justifiable cause to communicate with the children. Appellant argues that the circuit court erred by finding that his consent was not necessary and by finding that it was in his former stepson’s best interest to be adopted by his ex-wife’s current spouse. We accepted this case on a petition for review of a decision by our court of appeals, wherein the court of appeals affirmed the decree by a vote of 5-4. Thus, our jurisdiction lies pursuant to Rule 1-2(e) of the Rules of the Arkansas Supreme Court and Court of Appeals. We affirm as to appellant’s former stepson and reverse and dismiss as to appellant’s daughter. 12Appellant’s former stepson, G.L. was born to Renita Lemmonds (now Price), in 2004. No father is listed on the birth certificate. Appellant entered the lives of G.L. and Mrs. Price when G.L. was eleven months old. Appellant and Mrs. Price married in 2006 and had a daughter, E.M., in 2007. In December 2009, while the family was living in Washington State, appellant was arrested following an incident of domestic violence against Mrs. Price. Mrs. Price immediately left Washington with the children, came to Arkansas where her mother lived and where the couple had lived previously, and obtained an order of protection barring appellant from having either direct or indirect contact with her for one year. Appellant pled guilty to domestic-violence-related charges in March 2010, for which he received a two-year suspended sentence and was ordered to enter a domestic-violence treatment program. A second order of protection was entered that barred appellant from contact with Mrs. Price until March 25, 2012. Neither of the orders of protection barred appellant from contact with the children. In 2012, Mrs. Price filed a complaint for divorce against appellant. A decree of divorce was entered on October 26, 2012. The decree grants custody of E.M. to Mrs. Price, with appellant being awarded reasonable privileges of visitation. The decree also states that appellant had acted in loco parentis to G.L. and that appellant would have reasonable visitation with him as well. Pursuant to the decree, visitation was to be “graduated initially” and supervised by the children’s therapist. After six months, the parties were to review their progress and determine a more permanent visitation schedule according to the recommendation of the therapist. Appellant had two supervised visits with the children in 2012 consisting of one in November and another in December. He attended | .¡three family-therapy sessions with Mrs. Price and the children in 2013 on January 16, February 5, and March 26. After the March 2013 visit, the therapist stated in a report that she did not believe that additional family sessions would be in the children’s best interest due to appellant’s behavior during the sessions. Mrs. Price married appellee in July 2013. On November 6, 2013, appellee filed an amended petition for adoption of G.L. and E.M.[1] The petition alleges that appellant’s consent to the adoptions is not required because appellant failed for a period of at least one year without justifiable cause to communicate with the children. Appellant objected to the adoptions, asserting that there existed justifiable cause for any lack of communication with the children. At the hearing on the adoption petition, there was testimony that Mrs. Price created an email account for the children and provided the email address to appellant. Appellant emailed the children three times in the fall of 2010: twice in response to emails from the children and once to wish E.M. a happy birthday. Appellant testified that he ceased emailing the children after Mrs. Price apparently had a heated exchange with members of the probation office supervising appellant, which led to concern by appellant that she was using the email account to attempt to set him up. Appellant was never notified that Mrs. Price had taken the children to Arkansas, nor was he made aware of where Mrs. Price and the children were living. Mrs. Price also provided appellant with a phone number for his domestic-violence counselor to call regarding visitation with the children and to which no call was made. Mrs. Price also sent him correspondence through the mail in 2010 that had |4the address of the Arkansas Department of Human Services office where she worked listed as the return address. However, appellant testified that he thought the office acted as a go-between and had no way of knowing that Mrs. Price worked there. Appellant looked into setting up visitation with the children over Skype but was informed by both an attorney and his probation officer that this posed a risk of violating the no-contact order. Following the hearing, the circuit court entered a decree in which it found that appellant’s consent to the adoptions was not necessary and granted the amended petition. This appeal followed. We review probate proceedings de novo, but we will not reverse the decision of the probate court unless it is clearly erroneous. Dillard v. Nix, 345 Ark. 215, 45 S.W.3d 359 (2001). A finding is clearly erroneous when, despite evidence to support it, we are left on the evidence with the firm conviction that a mistake has been committed. Morningstar v. Bush, 2011 Ark. 350, 383 S.W.3d 840. When reviewing the proceedings, we give due regard to the opportunity and superior position of the probate judge to determine the credibility of the witnesses. Id. Appellant first argues that the circuit court erred in finding that his consent to the adoptions was not required. Consent to adoption is not required of a parent of a child in the custody of another, if the parent for a period of at least one (1) year has failed significantly without justifiable cause (i) to communicate with the child or (ii) to provide for the care and support of the child as required by law or judicial decree. Ark. Code Ann. § 9-9-207 (Repl. 2009). Adoption statutes are strictly construed, and a person who wishes to adopt a child without the consent of the parent must prove that consent is unnecessary by clear and convincing evidence. In re Adoption of Lybrand, 329 Ark. 163, 946 S.W.2d 946 (1997). A | [¡“failure to communicate without justifiable cause” is one that is “voluntary, willful, arbitrary, and without adequate excuse.” Id. at 169-70, 946 S.W.2d 946 (quoting In re K.F.H. & K.F.H., 311 Ark. 416, 421, 844 S.W.2d 343, 346 (1993)). The issue of whether justifiable cause existed is factual and turns largely on the credibility of the witnesses. Id. It is not required that a parent fail totally in his or her obligations in order to fail “significantly” within the meaning of the statute. Id. Moreover, the one-year period may be any one-year period, not necessarily the one immediately preceding the filing of the adoption petition. Id. We hold that the circuit court’s finding that appellant’s consent was not required for appellee to adopt E.M. is clearly erroneous. Appellant contended before the circuit court that the orders of protection hindered him from having contact with the children. Appellant was subject to two orders of protection that barred him from “any contact whatsoever, in person or through others, by phone, mail, or any means, directly or indirectly” with Mrs. Price until March 2012. While the orders of protection were in effect, the children were too young to initiate contact with appellant on their own. Ml contact between appellant and the children would, in some fashion, have to go through Mrs. Price. Given that the orders of protection barred indirect contact by any means with Mrs. Price, it was reasonable for appellant to be concerned that even contact aimed at facilitating contact with the children could constitute a violation of the protective order that would expose him to a period of incarceration. Appellant contacted the children over email, but Mrs. Price’s confrontational phone conversations with the probation office induced him to cease that activity. Appellant inquired into videophone visitation with the children over Skype, but was advised that this ran a risk of violating the protective order. | BThere is also no indication that appellant knew where the children were located prior to Mrs. Price filing for divorce. Once the divorce decree was entered, and appellant was allowed visitation with the children, he exercised that visitation to the fullest extent he was allowed, although he lived out of state and his attendance at the visits required extensive travel on his part.[2] Although we have held previously that the one-year period referenced in section 9-9-207 can be any one-year period and is not required to be the one-year period immediately preceding the filing of the adoption petition, we believe that circuit courts should consider the parent’s conduct, particularly in the period before the filing of the petition, in determining whether the parent’s consent to an adoption should be required. The obstacles to appellant’s communication with the children prior to March 2012 were precipitated by a domestic disturbance, but obstacles they remained. Once those obstacles were removed, appellant took as much action to have contact with the children as he could under the divorce decree, lending credence to a conclusion that the earlier lack of contact was a result of the no-contact order.[3] Despite appellant’s efforts to visit the children and reestablish his relationship with them, the children’s therapist recommended that his visitation with the children cease [4] and the period during which the obstacles were in place |7was then used to permanently terminate his relationship with his biological child. Under these facts, the termination of his relationship with his child without his consent was not warranted. The portion of the circuit court’s order finding that appellant’s consent to the adoption of E.M. was not required and granting appel-lee’s petition to adopt E.M. is hereby reversed and dismissed. Appellant also challenges the granting of appellee’s petition to adopt G.L. Appellant is not G.L.’s parent. Although the divorce decree states that appellant acted in loco parentis to G.L., the consent of one acting in loco parentis is not required under section 9-9-207. As such, appellant has no right to withhold consent to G.L.’s adoption. Appellant contends that the circuit court erred in failing to consider whether the adoption of G.L. by appel-lee would be in G.L.’s best interest if the adoption of E.M. were to be reversed. There is no indication from the record that the status of E.M.’s adoption has any bearing on G.L.’s best interest. Appellant complains that the children will have two different fathers with parental rights and obligations. However, he did not adopt G.L. while he was married to Mrs. Price and cannot be heard to complain now that her current spouse wishes to do so. The circuit court’s finding that adoption by ap-pellee is in G.L.’s best interest is not clearly erroneous and is affirmed. Affirmed in part; reversed and dismissed in part; court of appeals opinion vacated. GOODSON , J., dissents. . Appellee had filed a petition, on August 20, 2013, that referenced only E.M. . When visitation commenced, appellant lived in Katy, Texas. He subsequently moved to Wichita, Kansas. . We note that the decree gives no indication that the circuit court found appellant’s testimony at the hearing on the petition not to be credible. .The issue of appellant's visitation with the children is not before us. Accordingly, nothing in this opinion should be taken as a comment on whether appellant should be allowed visitation under the divorce decree. Here, we are concerned only with the decree of adoption.