RHONDA K. WOOD, Associate Justice [ 1 Reanna Rodgers appeals from a final decree granting an adoption petition filed by her ex-husband’s current spouse, Destiny Rodgers. The circuit court granted Destiny’s request to adopt Reanna’s four minor children, KR, JR, TR, and AR. On appeal, Reanna argues that the circuit court erred by finding that her consent was not necessary because she had failed, for a period of at least one year and without justifiable cause, to communicate with her children or to provide for their care and support as required by law or court order. We affirm the order of adoption.[1] [¡¡Chris Rodgers and Reanna Rodgers were married in 2002 and divorced in 2011. The divorce decree gave them joint custody of their four children. In May 2013, Chris married Destiny Rodgers. On September 6, 2013, the circuit court, following a hearing, entered a temporary custody order that awarded Chris sole custody of the children because Reanna had tested positive for amphetamine and methamphetamine. The court explained that the test showed she had used within 72 hours. It further suspended Reanna’s visitation with the children. At the hearing, the circuit court stated, “So when I say that she is not to have any visitation at all with these children, I mean she is not to have any visitation at all with these children,” and warned Chris that if he permitted any visitation between Reanna and the children that it would hold Chris in contempt of court. The circuit court also told Rean-na, [A]nd when you decide that your children are more important to you than methamphetamine, then you can certainly come back and you can ask the Court to reverse this ruling and the Court will certainly look at it. But until that happens then there’s not going to be even visitation with your children. The circuit court’s order stated “[t]hat the Plaintiff may petition this court for a review of the issue of child custody, or child visitation, at sueh time as the Plaintiff can pass a drug screen.” In addition, the court’s order specifically required her to submit to a hair-follicle test. The circuit court’s order also stated that “no child support shall be ordered from the Plaintiff at this time.” Reanna filed two separate drug-test results with the circuit court in October 2013 and April 2014 showing that she was negative for methamphetamine and other controlled substances. She did not file a petition for visitation following the clean drug screens. She [ ¡¡later admitted that she relapsed after the October drug screen, but she claimed that she has been drug free since approximately December 2013. On September 19, 2014, Destiny, with Chris’s consent, petitioned the circuit court to adopt the children. Destiny alleged that Reanna’s consent was not required because Reanna, for a period of more than one year, had without justifiable cause failed to provide for the care and support of the children in a significant or meaningful fashion and because Reanna had failed to communicate with or maintain any significant contact with them.' Reanna challenged the adoptions and filed a petition for visitation in the divorce action on October 19, 2014. At the hearing, on the adoption petition, Reanna testified that she had not had visitation with her children since August 2013. She admitted that she continued to use drugs until December of 2013. In October 2014 she married Michael Eller with whom she has a five-month-old son. She conceded that she had not communicated with or provided support for the children between September 2013 and September 2014. She stated she attempted to pay child support in December 2014, after the petition for adoption had been filed. She believed that her failures were justified because the court had suspended her visitation and had not ordered her to pay any child support. She also stated that she did not file a negative hair follicle test until March 10, 20Í5, six months after the petition for adoption. After the hearing, the circuit court granted the petition for adoption, concluding that Reanna’s consent was not required pursuant to Arkansas Code Annotated section 9—9—207(a)(2) (Repl. 2015) because she failed significantly and without justifiable cause for at | ¿least one year to communicate with her children or to provide for their care and support. It stated, The failure of the children’s mother with regards to communication or support were demonstrated to be meaningful, intentional and without justifiable cause. The Respondent’s actions during the year following her loss of child custody demonstrated her lack of regard for her children’s well-being and instead demonstrated her desire to move on with other interests she obviously found to be more compelling. Arkansas Code Annotated section 9—9—207(a)(2) provides that consent to an adoption is not required of “a parent of a child in the custody of another, if the parent for a period of at least (1) year has failed significantly and without justifiable cause (i) to communicate with the child or (ii) to provide for the care and support of the child as required by law or judicial decree.” As we have previously held, “failed significantly” does not mean “failed totally.” Racine v. Nelson, 2011 Ark. 50, 378 S.W.3d 93. Rather, it means a failure that is meaningful or important. Id. “Without justifiable cause” denotes a failure that is voluntary, willful, arbitrary, and without adequate excuse. In re Adoption of K.F.H. & K.F.H., 311 Ark. 416, 423, 844 S.W.2d 343, 347 (1993). We review probate proceedings de novo and will not reverse the decision of the circuit court unless it is clearly erroneous. Martini v. Price, 2016 Ark. 472, 507 S.W.3d 486. A finding is clearly erroneous when, despite evidence to support it, we are left with the firm conviction that a mistake has been made. Id. When reviewing probate proceedings, we defer to the superior, position of the circuit court to determine the credibility of the witnesses. Id. “We view .the issue of justifiable cause as factual but one that largely is determined on the, basis of the credibility of the witnesses. This court gives great weight to |5a circuit court’s personal observations when the welfare of young children is involved.” In re Adoption of K.F.H. & K.F.H., 311 Ark. at 423, 844 S.W.2d at 347. The circuit court’s findings were not clearly erroneous. Reanna does not dispute that she failed to significantly communicate with or provide support for her children for over a year. Rather, she claims that the court erred in concluding that she did not have justifiable cause for not contacting her children because at the September 2013 custody hearing the circuit court instructed that she was to have no visitation with the children. We disagree. This court is unwilling to hold that when a parent cannot have visitation with her children, due to a court order, that gives the parent justifiable cause to make no effort in continuing a relationship with the children. The statute reads it’s a parent’s failure to “communicate with the child,” not a failure to have visitation with the child that allows adoption to proceed without consent. Ark. Code Ann. § 9-9-207(a)(2). Despite having her visitation suspended, Reanna could have communicated with the children other ways. See, e.g., Gordon v. Draper, 2013 Ark. App. 352, 428 S.W.3d 543 (imprisonment is no justification for failure to communicate with child) (citing Zgleszewski v. Zgleszewski, 260 Ark. 629, 542 S.W.2d 765 (1976)). She could have made telephone calls to the children, sent birthday or Christmas cards, letters, or emails, but she attempted to do none of these. She also did not attend any school, church, or sporting events involving her children. She failed to show an interest in their lives despite living approximately 150 feet from the children. Furthermore, once she was drug free, she failed to petition the court for a review of the temporary order that suspended the visitation until October 19, 2014, which was R thirty days after the petition for adoption had been filed and more than one year after her first clean drug screen.[2] While she claims she was unable to afford an attorney, she admitted that she was capable of working but did not work, and while she relied on her husband’s income, she did not ask him or her parents for money to hire an attorney or file the petition. She gives no justifiable cause for failing to have any contact with her children, despite the father having sole custody. The court found that from September 6, 2013 until May 20, 2015, the date of the adoption hearing, Reanna had failed to make even one effort to contact her children. The circuit court did not err in finding that Reanna placed other interests in priority over communicating with her children. This case is distinguishable from our recent decision in another stepparent adoption case. See Martini, 2016 Ark. 472, 507 S.W.3d 486. In Martini, we held that there was insufficient evidence to establish that the child’s father had failed without justifiable cause to communicate with his child for a period of one year. The father was subject to two no-contact orders that barred him from contact with the child’s mother, and he had no other means to contact the child except through the mother. The mother had moved to another state and not informed the father of the child’s residence. We concluded that it was | Treasonable for the father to be concerned that contact aimed at the young child could constitute a violation of the no-contact order that would expose him to incarceration. Here, the court only terminated Re-anna’s visitation but did not issue a no-contact order, nor did it order her to refrain from communicating with her children or even their father. Nevertheless, she did not attempt any form of communication with the children, who lived down the road from her. More importantly, the circuit court had explicitly told Reanna that she could petition the court to review the suspension of visitation as soon as she could pass a drug screen. Thus, Reanna alone controlled when her visitation would be reinstated. Reanna alone controlled whether she communicated with her children through cards, letters, and phone calls. However, she did not avail herself of these opportunities to maintain contact with her children. Reanna does not contest that she significantly failed to communicate with her children for more than a year. The circuit court concluded that Rean-na’s “actions during the year following her loss of child custody demonstrated her lack of regard for her children’s well-being and instead demonstrated her desire to move on with other interests she obviously found to be more compelling.” We cannot say that this finding, which was based on the credibility of the witness testimony, including the testimony of Reanna, Chris, and two of the children, was clearly erroneous. Reanna’s sole argument, that the court’s order prohibiting her from exercising visitation was justifiable cause to have no communication at all with her children is unavailing. We agree that Reanna significantly and unjustifiably failed to communicate with the children for at least one year. Thus, we affirm the circuit court’s conclusion that her consent to the adoption was not required. | ¿¡Affirmed; court of appeals’ opinion vacated. Kemp, C.J., and Wynne, J., concur. Baker, Hart, and Womack, JJ., dissent. . We accepted this case on a petition for review of a decision by the court of appeals, which affirmed the circuit court’s order of adoption. Thus, our jurisdiction lies pursuant to Rule 1—2(e) of the Arkansas Supreme Court and Court of Appeals, . While the dissent claims Reanna could not have petitioned for visitation until she could pass a clean drug screen, the record reflects that the court was using a drug screen that exposes drug use within the last 72 hours. Therefore, if Reanna cared about her children and had stopped using drugs once she lost custody, she could have passed a clean drug screen within days and petitioned the court in September 2013. She failed to do so. However, this argument misses the point. It was not Reanna’s failure to be drug free and petition the court for visitation that caused her to lose her children. Regardless of Reanna’s substance-abuse problems, suspension of visitation with one’s children is not justifiable cause for complete failure to maintain a meaningful and significant relationship with the children through other means.