# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–17–65

| | |
|---|---|
| JAMES ANDREW MARSHALL<br><div align="right">APPELLANT</div> | **Opinion Delivered:** October 25, 2017 |
| V. | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04PR-16-616] |
| SETH ROBERT RUBRIGHT AND MINOR CHILD<br><div align="right">APPELLEES</div> | HONORABLE XOLLIE DUNCAN, JUDGE |
| | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

James Andrew Marshall appeals the Benton County Circuit Court order granting the adoption petition of Seth Robert Rubright. On appeal, James argues that the circuit court erred by (1) failing to make specific credibility findings and (2) finding that he failed significantly and without justifiable cause to communicate with his son, B.M. We affirm.

James married Valerie Rubright (formerly Woolsey) on August 30, 2010. They have one child, B.M.[1] In July 2011, James and Valerie separated, and on April 18, 2012, the Benton County Circuit Court entered their divorce decree. The decree granted Valerie primary custody of B.M., subject to James having visitation. It further provided that James

---

[1]B.M. was born on February 8, 2008.

pay Valerie child support in the amount of $66 a week. On November 18, 2013, Valerie married Seth.

On December 10, 2013, the Benton County Circuit Court entered a one-year order of protection of B.M. and Valerie against James. The order resulted from an incident wherein James threatened to break B.M.'s neck and then sent Valerie weblinks to stories about fathers who killed their children and the children's mothers during disputes over child custody and child support. On June 30, 2014, James pled guilty to first-degree terroristic threatening associated with the incident. The court sentenced him to three years' probation and thirteen days in the county jail.

On July 9, 2014, the circuit court entered an order finding James in contempt for failing to pay child support to Valerie. On October 8, 2014, the circuit court entered a compliance-review order, finding that James had resumed paying child support.

On December 2, 2014, the circuit court entered a second order of protection of B.M. and Valerie against James lasting through February 24, 2015. On February 15, 2015, the circuit court extended the order for five years.

On June 2, 2015, the State of Arkansas filed a petition to revoke James's probation. It alleged that James had violated the order of protection, violated a no-contact order with Valerie, and failed to report to his probation officer.

On April 2, 2016, the State amended the petition to allege that James committed two counts of first-degree terroristic threatening and one count of harassing communication on November 18, 2014, after James had posted a series of threatening messages to Valerie and B.M. on his Facebook page. The messages included the statement that James hoped

SLIP OPINION

someone would put a bullet in Valerie's neck and a meat cleaver in B.M.'s head. He also posted the comment: "You [expletive] sue me again and it will be the worst [expletive] mistake you'll regret. I promise you that." Around that time, James also posted on Facebook that his location was Siloam Springs, where Valerie lived. On May 5, 2016, the circuit court revoked James's probation and sentenced him to six years' imprisonment.

On May 16, 2016, James pled guilty to two counts of first-degree terroristic threatening, one count of violating an order of protection, and one count of harassing communications. He received six years' imprisonment to run concurrently with his revocation sentence.

On July 26, 2016, Valerie's husband, Seth, filed a petition for adoption of B.M. In the petition, Seth alleged that because James had not had contact with B.M. since October 2012, his consent to the adoption was not required pursuant to Arkansas Code Annotated section 9-9-207 (Repl. 2015). James objected to the petition.

The court held a hearing on October 19, 2016. At the hearing, the court granted Seth's oral motion to amend his petition to additionally allege that James's consent to the adoption was not required because James had failed to pay child support for one year. At the conclusion of the hearing, the court orally granted the petition. The court noted that the test "stated by the attorneys [is] whether [James] failed substantially, and without justifiable cause, to communicate or support [B.M.] for a period of one year, and therefore, his consent is not required or is being unreasonably withheld."

On November 1, 2016, the court entered a decree of adoption. In the order, the court found that

under the totality of the circumstances and the credible evidence presented, [James]'s consent to this adoption is not necessary and is being unreasonably withheld due to his substantial lack of contact and communication for a period of one-year as well as his substantial failure to support the minor child for a period of one year from August 2013 through August 2014 and that his significant failures are without justifiable cause.

James timely appealed the adoption decree to this court. On appeal, James argues that the circuit court erred by (1) not making specific credibility findings and (2) finding that he failed significantly without justifiable cause to communicate with B.M.

We first address James's argument that the court erred by failing to make specific credibility findings. He claims that the court erred when it "did not describe or point to any testimony or evidence as credible or otherwise." He asserts that *Martini v. Price*, 2016 Ark. 472, 507 S.W.3d 486, imposes a duty on the circuit court to fashion factual findings on evidence and witness credibility in adoption cases.

We disagree. Our reading of *Martini* reveals no such duty. *See Martini*, 2016 Ark. 472, 507 S.W.3d 486. Further, James could have requested the court to make findings of fact under Arkansas Rule of Civil Procedure 52, but he did not. In the absence of a statute or rule requiring specific findings of fact or a timely request for specific findings under Rule 52, the appellate court will ordinarily presume that the circuit court made findings necessary to support its conclusion. *Chaffin v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 522, 471 S.W.3d 251. Accordingly, James's argument is meritless.

James next argues that the circuit court erred by finding that his consent to the adoption was not required because he failed to communicate with B.M. for one year without an adequate excuse. He claims that the orders of protection prevented him from contacting B.M. and that Valerie also barred him from B.M.

We need not address James's failure-to-communicate argument because he has failed to sufficiently challenge two alternative bases for the court's finding that his consent was not required. When an appellant fails to attack a circuit court's independent, alternative basis for its ruling, we will not reverse. *May v. State*, 2016 Ark. App. 605, 509 S.W.3d 14. Here, the circuit court found that James's consent was "not necessary *and* is being unreasonably withheld due to his substantial lack of contact and communication for a period of one-year *as well as* his substantial failure to support the minor child for a period of one year from August 2013 through August 2014 and that his significant failures are without justifiable cause." (Emphasis added.)

The first alternative basis is the court's finding that James's consent was being unreasonably withheld. Arkansas Code Annotated section 9-9-220(c)(3) states that

> (c) [i]n addition to any other proceeding provided by law, the relationship of parent and child may be terminated by a court order issued under this subchapter on any ground provided by other law for termination of the relationship, or on the following grounds:
>
> . . . .
>
> > (3) [t]hat in the case of a parent not having custody of a child, his or her consent is being unreasonably withheld contrary to the best interest of the child.

Here, the court specifically stated in its written order that James's consent was "unreasonably withheld." (Emphasis added.)[2] Yet, James does not challenge this finding on appeal.

The second alternative basis is the court's finding that James significantly failed to provide support for B.M. Pursuant to Arkansas Code Annotated section 9-9-207(a)(2),

---

[2]Seth did not plead section 9-9-220(c)(3) in his petition for adoption. However, James did not challenge the court's consideration of that statute at the hearing nor does he challenge it on appeal.

consent to adoption is not required of a parent whose child is in the custody of another if the parent for a period of at least one year has failed significantly without justifiable cause (i) to communicate with the child *or* (ii) to provide for the care and support of the child as required by law or judicial decree. (Emphasis added.) In this case, the court specifically stated that James's consent was not required "due to  . . . his substantial failure to support the minor child for a period of one year from August 2013 through August 2014." Yet, James does not present this as an issue on appeal. In a few sentences in James's brief, he acknowledges that he did not make child-support payments from February 2014 through August 2014 but states that he "caught up every penny in October of 2014." However, James does not further develop his argument. *See Orintas v. Point Lookout Prop. Owners Ass'n*, 2015 Ark. App. 648, at 2, 476 S.W.3d 174, 175 ("The failure to develop a point legally or factually is reason enough to affirm the circuit court."). Because James does not sufficiently challenge the circuit court's two alternative, independent bases for finding that his consent to the adoption was not required, we must affirm the court's granting of the adoption petition.

Affirmed.

VAUGHT and HIXSON, JJ., agree.

*Niblock Law Firm, PLC*, by: *Raymond L. Niblock*, for appellant.

*Clark & Spence*, by: *George R. Spence*, for appellee Seth Rubright.