Cite as 2019 Ark. App. 330

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-19-8

|  |  |
|---|---|
| ANDRE JAMAL HOLLOWAY | **Opinion Delivered:** June 5, 2019 |
| **APPELLANT** | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRTEENTH DIVISION |
| V. | [NO. 60PR-18-601] |
| WILLIAM SKYLER EDWARD CARTER | HONORABLE W. MICHAEL REIF, JUDGE |
| **APPELLEE** | REVERSED AND REMANDED |

## PHILLIP T. WHITEAKER, Judge

Andre Holloway appeals the Pulaski County Circuit Court's denial of his petition for adoption on the grounds that the consent of the appellee, William Carter, was required. On appeal, Andre argues that the court erred in denying his petition because William unjustifiably failed to communicate with the child, K.C., and failed to provide for the care and support of the child for a period of one year and that his consent to the adoption was thus not required. We agree that the circuit court's decision was clearly erroneous, and we reverse and remand.

We recite the following fact summary as pertinent to our analysis and conclusion. Andre is married to Barbara Holloway.[1] Barbara is the mother of K.C., who was born on June 7, 2010. Although William was listed on the birth certificate as K.C.'s father, he and Barbara were never married. Barbara has maintained custody of K.C. since his birth. William has been largely uninvolved in K.C.'s life, and his lack of involvement was enhanced by his incarceration in 2014 following multiple criminal convictions. William remained incarcerated through the duration of the instant case.

Andre is a C-130 loadmaster in the United States Air Force. In 2018, he learned he would be deployed to Germany. When the Holloways asked William to sign a passport application for K.C. in early 2018, William refused. Shortly thereafter, Andre filed a petition to adopt K.C. alleging that William's consent to the adoption was not required under Arkansas Code Annotated section 9-9-207(a)(2) (Repl. 2015).

The circuit court held a hearing on Andre's petition and considered testimony from the Holloways, William, and Thomas Burns, general counsel for the Arkansas Department of Correction. The circuit court ultimately entered an order denying the petition, finding that Andre failed to meet his burden of proving that William's consent to the adoption was not required. Specifically, the court found that Andre had failed to present clear and convincing evidence that William failed to provide support for the child for twelve consecutive months. In addition, while the court found that the evidence showed that

---

[1]Andre and Barbara began dating in 2016 and married in 2017. At the time of Andre and Barbara's marriage, K.C. was approximately seven years old.

William had not communicated with the child during his incarceration, such failure to communicate was not without adequate excuse.

Andre timely appealed the circuit court's denial of his adoption petition. He argues that the circuit court erred in finding that William's consent was required under Arkansas Code Annotated section 9-9-207(a)(2). Under this statute, Andre had the burden of proving by clear and convincing evidence that William's consent to an adoption was not required because K.C. was in the custody of another—Barbara—and that William for a period of at least one year failed significantly without justifiable cause (i) to communicate with K.C. or (ii) to provide for the care and support for K.C. as required by law or judicial decree. Andre, who wishes to adopt K.C. without William's consent, must prove that William's consent is unnecessary. *In re Adoption of Lybrand*, 329 Ark. 163, 169, 946 S.W.2d 946, 949 (1997). There is a heavy burden placed on the party seeking to adopt a child without the consent of a natural parent to prove the failure to communicate or the failure to support by clear and convincing evidence. *Racine v. Nelson*, 2011 Ark. 50, 378 S.W.3d 93.

We review adoption proceedings de novo. *In re Adoption of S.C.D.*, 358 Ark. 51, 186 S.W.3d 225 (2004); *A.R. v. Brown*, 103 Ark. App. 1, 285 S.W.3d 716 (2008). We give due regard to the opportunity and superior position of the trial judge to determine the credibility of witnesses, and we have stated that the personal observations of the trial judge are entitled to even more weight in cases involving the welfare of a small child. *Fox v. Nagle*, 2011 Ark. App. 178, 381 S.W.3d 900. We will not reverse a circuit court's finding regarding whether consent is unnecessary due to failure to support or communicate with the child unless it is clearly erroneous. *Id*. A finding is clearly erroneous when, although there is

3

evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.*

In this case, we are left with a definite and firm conviction that the circuit court made a mistake in its findings regarding William's failure to communicate with K.C.[2] A failure to communicate without justifiable cause is one that is voluntary, willful, arbitrary, and without adequate excuse. *In re Adoption of Lybrand*, 329 Ark. at 169–70, 946 S.W.2d at 950. It is not required that a parent fail totally in these obligations in order to fail significantly within the meaning of the statutes. *Id.* at 170, 946 S.W.2d at 950.

Our de novo review reveals the following undisputed evidence presented in this case. William has been incarcerated in the ADC since 2014. During that time, William did not send K.C. cards or gifts for birthdays or Christmases. William acknowledged that he had no proof that he communicated with K.C. during 2014 or 2016. Thomas Burns from the ADC verified that between 2015 and 2018, William made one phone call to the telephone number associated with the Holloways. Other testimony, however, revealed that during this solitary phone call, William spoke only with Barbara and not with K.C. In fact, William's only communications were with the Holloways—never with K.C. himself. Concerning physical contact or visits, William asserted that K.C. had visited him in the penitentiary twice in 2015. Outside of those limited visits, however, William has not seen

_____

[2]Because we reverse and remand on the issue of failure to communicate, we need not address Andre's arguments regarding William's failure to support. *See Cowsert v. Bargar*, 2014 Ark. App. 299, at 2 ("[O]nly one significant failure is required to render a parent's consent to adoption unnecessary.").

4

K.C. since 2016. This evidence is clear and convincing that William failed to communicate with K.C. for a period of one year.[3]

Here, the circuit court found that William's "failure to communicate was not without adequate excuse."[4] The court acknowledged that William did not write to, or otherwise communicate with, K.C. during his incarceration; it nonetheless found that his failure to communicate was not without adequate excuse. The circuit court did not expressly spell out its reasoning behind this conclusion; however, we glean from its order that it believed the failure to communicate was based on tensions that arose between William and the Holloways after William had refused to sign K.C.'s passport application. The court wrote as follows:

> In 2018, [Andre] wrote a letter to Mr. Carter which indicated that [Andre] would help facilitate visitation between the minor child and Mr. Carter.
>
> [Andre] is in the United States Air Force and will be stationed in Germany for three years requiring a passport for the minor child. At the hearing, [Andre] testified that he did not continue to facilitate visitation between Mr. Carter and the minor child when Mr. Carter indicated that he would not sign the passport application until after he received visitation with the minor child.

The court therefore found that William's failure to communicate was not without adequate excuse, and it thus could not find by clear and convincing evidence that William had failed

---

[3]The one-year requirement applies to any one-year period between the date of the child's birth and the date the petition for adoption was filed and is not limited to the year immediately preceding the filing of the adoption petition. *Ray v. Sellers*, 82 Ark. App. 530, 534, 120 S.W.3d 134, 137 (2003).

[4]The circuit court entered an order that did not clearly articulate whether William failed to communicate. We assume that the court did tacitly reach this conclusion because it ultimately found that William's "failure to communicate was not without adequate excuse."

5

without justifiable cause to communicate with the minor child. For the following reasons, we disagree.

First, assuming the reason enunciated by the circuit court rendered William's failure to communicate justifiable,[5] this "justifiable" reason did not arise until February 14, 2018, the date on which Andre wrote to William asking him to sign K.C.'s passport application. Andre's petition for adoption was filed on March 27, 2018. Thus, William's "justifiable cause" existed for only a month and a half, yet his failure to communicate spanned several years from 2014 through 2018. We find it clearly erroneous to conclude that an isolated incident that occurred in 2018 can justify a failure to communicate in 2014, 2015, 2016, and 2017.

Second, the circuit court's finding is not supported by cases from either the supreme court or our court. In *Rodgers v. Rodgers*, 2017 Ark. 182, 519 S.W.3d 324, the supreme court found that the mother had failed without justifiable cause to communicate with her child for more than a year, even though there was a court order preventing her from contacting the child. The mother argued that she was prohibited by court order from communicating. The supreme court disagreed, noting that the statute provides that it is a "parent's failure to 'communicate with the child,' not a failure to have visitation with the child that allows adoption to proceed without consent." *Id.* at 5, 519 S.W.3d at 328. An inability to have visits did not excuse the mother because she "could have made telephone

---

[5]We do not agree that this is a justifiable reason.

6

calls to the children, sent birthday or Christmas cards, letters, or emails," *id.*, but she did not do any of those things, and the court found her failure to communicate was unjustifiable.

Likewise, in *In re Adoption of J.N.*, 2018 Ark. App. 467, 560 S.W.3d 806, this court held that even though the mother may not have gone a full twelve months without seeing her child, the circuit court did not err in finding that three or four visits between November 2013 and August 2016, and perhaps a few phone calls, was still a significant failure to communicate. *Id.* at 9–10, 560 S.W.3d at 813. The similarities between *J.N.* and this case are important. Admittedly, William may have seen K.C. occasionally at visitations at the penitentiary, but these visits were sporadic and were all initiated by either Barbara or by William's wife; none were initiated by William himself.

We conclude that William's lack of initiative and his lack of communication were significant failures. "Failed significantly" does not mean "failed totally." *Id.* at 9, 560 S.W.3d 806, 813 (citing *Racine, supra*). Thus, the circuit court here clearly erred in finding that Andre failed to prove by clear and convincing evidence that William's consent to the adoption was required. We therefore reverse the circuit court's finding that William's consent was required, and we remand for the court to determine whether the adoption is in K.C.'s best interest.

Reversed and remanded.

KLAPPENBACH and VAUGHT, JJ., agree.

*Owings Law Firm*, by: *Steven A. Owings* and *Tammy B. Gattis*, for appellant.

One brief only.