Cite as 2020 Ark. App. 568

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-20-174

| | |
|---|---|
| BRINCE PLYMALE<br><br>APPELLANT<br><br>V.<br><br>JEREMY ALAN ROGERS AND<br>BRANDIE NICHOLE ROGERS<br>APPELLEES | **Opinion Delivered:** December 9, 2020<br><br>APPEAL FROM THE LOGAN<br>COUNTY CIRCUIT COURT,<br>SOUTHERN DISTRICT<br>[NO. 42BPR-18-74]<br><br>HONORABLE DAVID H.<br>MCCORMICK, JUDGE<br><br>REVERSED AND DISMISSED |

## MIKE MURPHY, Judge

Brince Plymale appeals from the order of the Logan County Circuit Court granting an adoption of his two minor children to appellees Brandie and Jeremy Rogers. On appeal, Plymale asserts that the trial court erred in finding that (1) there was clear and convincing evidence that his consent to the adoption was not required and (2) it was in the best interest of the children to grant the adoption over his objection. We agree that the court erred in finding that Plymale's consent to the adoption was not required; therefore, we reverse the court's decision to grant the adoption petition and dismiss it.

We review adoption proceedings de novo on the record. *Newkirk v. Hankins*, 2016 Ark. App. 186, 486 S.W.3d 827. Adoption statutes are strictly construed, and a person wishing to adopt a child without the consent of the parent must prove, by clear and convincing evidence, that consent is unnecessary. *Id.* A circuit court's finding that consent is

unnecessary due to a failure to support or communicate with the child will not be reversed unless clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* Due regard is given to the circuit court's superior position to judge any witness's credibility. *Id.*

Pursuant to Arkansas Code Annotated section 9-9-207(a)(2) (Repl. 2015), a parent's consent to adoption is not required of

> a parent of a child in the custody of another, if the parent for a period of at least one (1) year has failed significantly without justifiable cause (i) to communicate with the child or (ii) to provide for the care and support of the child as required by law or judicial decree.

This appeal turns on subdivision (a)(2)(ii): the failure to provide for the care and support of the child without justifiable cause. If the petitioner meets the initial burden, then the nonconsenting parent must show some justifiable reason for the failures. *Holloway v. Carter*, 2019 Ark. App. 330, at 3, 579 S.W.3d 188, 190. Justifiable cause means that the significant failure must be willful in the sense of being voluntary and intentional; it must appear that the parent acted arbitrarily and without just cause or adequate excuse. *In re Adoption of T.A.D.*, 2019 Ark. App. 510, at 6, 588 S.W.3d 858, 862.

On November 6, 2018, Brandie and Jeremy, who married in December 2016, filed a petition to adopt the minor children, A.M.P. (DOB 5/19/2003) and A.A.P. (DOB 6/25/2007). Plymale is the natural father of the children, and Brandie is the natural mother. Plymale and Brandie divorced in February 2015.[1] Both children signed a waiver of service

---

[1]Another child was born to the marriage, but he has reached the age of majority and is not a part of the adoption proceeding.

and consent to adoption. The petition alleged that Brandie and Jeremy have been the sole financial support for the children and that Plymale's consent was not necessary. It also alleged that the adoption was in the children's best interest due to a "very rocky relationship" with Plymale. Plymale responded asserting that his consent was necessary and that the adoption was not in the best interest of the children.

A trial was held on August 1, 2019, and established the following. Brandie and Plymale's divorce decree stated that the parties had a joint-custody arrangement, and that in contemplation of spending an equal amount of time with the children, neither party was required to pay child support. Though the decree provided that Plymale cared for the children only on the weekends while Brandie had them the other five days of the week. An ex parte order was entered on September 7, 2016, suspending Plymale's visitation with the children because he allowed his fifteen-year-old son to drive his siblings around without a license. On September 23, an order was entered awarding standard visitation to Plymale. On January 17, 2017, another order was entered continuing custody with Brandie and standard visitation with Plymale. A temporary order was entered on October 11. It maintained that Brandie had custody of the children, ordered both parties to submit an affidavit of financial means and their 2015 and 2016 tax returns, and stated that temporary child support would be set in the near future by a separate order. An order was entered August 16, 2018, awarding permanent custody to Brandie subject to Plymale's standard visitation, ordering Plymale to pay $1,297 a month in child support beginning on June 1, 2018, and ordering Plymale to file his 2017 tax return and a corrected affidavit of financial means. Additionally, a payment history from the Office of Child Support Enforcement

(OCSE) revealed that Plymale did not set up payment through OCSE until September 2018. Between September 2018 and July 2019, Plymale missed four of the eleven payments.

Plymale testified that he did not start paying child support until November 2018 because he did not have the papers ordering him to do so until then. The OCSE child-support ledger showed that he was set up to make payments in September, but Plymale testified that it must be inaccurate. He testified that he was not ordered to pay child support until recently but that he took care of the children when they needed things like clothes or school supplies. He said that he gives them whatever they ask for on their birthdays and Christmas. Plymale testified that he bought his oldest son two vehicles. Plymale testified that his financial condition has only gotten worse since 2016 and that he has credit cards and relies on his cousin to get by.

Brandie testified that she reached out to Plymale to assist her financially but that he always told her he was broke. She testified that she and Jeremy pay for the children's vehicles, their car insurance, health insurance, and anything they need. Brandie acknowledged that Plymale bought their oldest son two vehicles but that they were unreliable. She testified that she presented Plymale with medical bills to have him assist her in paying half, but he would refuse. Brandie testified that she and Plymale went to court and discussed setting up child support several times, but Plymale never produced his tax records or a proper affidavit of financial means. Jeremy testified that he is fully supportive of the children and that he wishes to adopt them.

Following the trial and after requesting posttrial briefs, the court entered an order in favor of Jeremy and Brandie. It found that Plymale's consent was not necessary because he

4

failed to provide for the care and support of the children for a period of at least one year and that adoption was in the children's best interest. Specifically, the court found that "[b]y failing to have the children an equal amount of time[,] Mr. Plymale was not entitled to pay no support for his children or use the lack of any support being set forth in the Order of February 10, 2015 as justification for not supporting his children."

On appeal, Plymale first argues that the court erred in finding that his consent was not required because the children were not "in the custody of another" for at least a one-year period. This argument was not made below, and this court will not consider arguments raised for the first time on appeal. *Hatchell v. Wren*, 363 Ark. 107, 211 S.W.3d 516 (2005). It is not preserved for our review.

Next, Plymale argues that his failure to provide care and support of his children was justified. Relying on our court's recent holding in *French v. Hoelzeman*, 2020 Ark. App. 543, 614 S.W.3d 850, we agree.

In *French*, we reversed and dismissed a stepparent adoption where the trial court found that the father's consent was unnecessary in part on the basis of his failure to provide for the care and support of his child for at least a one-year period. We held that his consent was required because his failure to provide care and support was justified. In *French*, the parties divorced, and the judgment did not impose any support obligation. In fact, French had a court judgment declaring that he did not have to pay child support. At the time of the adoption hearing, the father had been incarcerated since 2009 and never sent any amount of support. On appeal, the appellee maintained that parents have "a legal and moral duty" to support children in the absence of a court order as Jeremy and Brandie similarly argue

5

here. However, we held that if a court expressly orders that a parent has no obligation to pay child support, then the nonpayment of support cannot be used against the parent in a subsequent adoption proceeding. *See also In re Adoption of Glover*, 288 Ark. 59, 702 S.W.2d 12 (1986); *Neel v. Harrison*, 93 Ark. App. 424, 220 S.W.3d 251 (2005).

Similar to *French*, Plymale's original divorce decree explicitly relieved him of the duty to pay child support. He did not have a court-ordered obligation to pay child support until June 1, 2018. The Rogerses filed their petition for adoption on November 6, 2018, only five months after Plymale's child-support obligation began. Because Plymale was expressly relieved from paying court-ordered support and was not ordered to pay until June 1, his failure to provide support before June 1 cannot be used against him. Put another way, his nonpayment of support was legally justified. For purposes of section 9-9-207(a)(2)(ii), Plymale's time began to run on June 1, 2018, and the mandated one-year period had yet to expire before the Rogerses had even filed their adoption petition.

The circuit court's finding that Plymale's consent to the adoption was not required on the basis of the failure-to-support element was clearly erroneous. Because we are reversing on this point, we need not address Plymale's best-interest argument.

Reversed and dismissed.

ABRAMSON, J., agrees.

WHITEAKER, J., concurs.

**PHILLIP T. WHITEAKER, Judge, concurring**. I agree with the majority's conclusion that this court's recent decision in *French v. Hoelzeman*, 2020 Ark. App. 543, 614 S.W.3d 850, controls our decision in the instant case and that reversal is required. While I

agree that *French* is controlling, I still disagree with the result reached in that case.[1] I write separately to address my concerns regarding this court's recent pattern in stepparent-adoption cases and the effect that this pattern has on our standard of review.

In a stepparent-adoption proceeding, the circuit court must determine whether a noncustodial parent has failed significantly without justifiable cause to support or communicate with the child. When the issue of justifiable cause is raised on appeal, both our supreme court and this court have repeatedly expressed that this issue is "factual and, thus, one that largely is determined on the basis of the credibility of the witnesses." *In re Adoption of A.M.C.*, 368 Ark. 369, 377, 246 S.W.3d 426, 432 (2007); *see also In re Adoption of Lybrand*, 329 Ark. 163, 169, 946 S.W.2d 946, 950 (1997); *In re Adoption of P.H.*, 2020 Ark. App. 178, at 7, 598 S.W.3d 846, 851; *McClelland v. Murray*, 92 Ark. App. 301, 305, 213 S.W.3d 33, 37 (2005). For that reason, we give great weight to a circuit court's personal observations and judgments. *Havard v. Clark*, 2011 Ark. App. 86, at 1; *see also Rodgers v. Rodgers*, 2017 Ark. 182, at 4, 519 S.W.3d 324, 327 (citing *In re Adoption of K.F.H. & K.F.H.*, 311 Ark. 416, 844 S.W.2d 343 (1993)).

In this case, the circuit court made it abundantly clear that it found appellant Brince Plymale's testimony regarding his finances to be significantly lacking in credibility. The court's ultimate determination that Plymale had failed significantly without justifiable cause to provide for the care and support of his children thus rested largely on its evaluation of Plymale's credibility. Our recent pattern of stepparent-adoption cases, including this one,

---

[1]I joined the dissent in *French*.

only pays lip service to our long-settled standard of review and, in reality, turns a blind eye to circuit courts' credibility determinations.

I am also concerned with what I view as some confusion in our caselaw in the area of what it means to fail to support. Generally, a parent has a duty to support his or her minor children. *Fonken v. Fonken*, 334 Ark. 637, 976 S.W.2d 952 (1998); *Akins v. Mofield,* 355 Ark. 215, 132 S.W.3d 760 (2003). As I understand our caselaw, a parent's duty to support is fundamental and static and not contingent upon the existence or absence of an order of support. *See Fonken*, *supra* (citing *McCall v. McCall*, 205 Ark. 1123, 1126, 172 S.W.2d 677, 678 (1943)); *Bass v. Bass*, 2011 Ark. App. 753, at 5, 387 S.W.3d 218, 222 (A parent has a legal and moral duty to support and educate her child and to provide the necessities of life even where the child has sufficient property to do so.); *Lee v. Lee*, 95 Ark. App. 69, 233 S.W.3d 698 (2006)); *McGee v. McGee*, 100 Ark. App. 1, 6, 262 S.W.3d 622, 626 (2007) (Even in the absence of a court order requiring a parent to support his or her minor child, a parent continues to have a legal and moral duty to do so.).

Despite this general duty, some of our appellate cases have taken a more specific analysis of this duty in the area of failure to support. Our supreme court has held that "[o]nce the question of child support has been submitted to a court of competent jurisdiction and a ruling thereon has been obtained, the more general statutory duty of support becomes circumscribed by the more specific duty imposed by the court." *In re Adoption of Glover*, 288 Ark. 59, 62, 702 S.W.2d 12, 13 (1986). We have also held that a noncustodial parent whose obligation to provide support is being supervised by a court order cannot be said to have any "duty" to provide beyond that imposed by the court. *Neel v. Harrison*, 93 Ark. App.

424, 429, 220 S.W.3d 251, 255 (2005) (when divorce decree did not compel mother to pay child support, her failure for at least one year to provide for the care and support of her child was not without justification). In *French*, *supra*, and now in this case, we have adopted this more specific duty analysis. Nevertheless, our long-standing caselaw recognizing the general duty to support is still alive and well.

As a result, circuit courts are asked to decide which path to take in determining whether a parent has significantly and without justifiable cause failed to provide for the care and support of his or her children: a general duty to support, regardless of the existence of a court order of support, or a specific duty to support imposed by court order. What are circuit courts to do in these circumstances? To which cases should they look for guidance? And does it matter which line of caselaw they follow when the appellate courts may or may not adhere to their own alleged deference to the circuit court's credibility determinations?

As noted above, because *French* governs our decision in this case, I must concur. But I firmly believe that the questions and contradictions raised herein must be resolved at some point for the best interest of the children involved in these difficult, fact-intensive cases.

*Gean, Gean & Gean*, by: *David Charles Gean*, for appellant.

*Michael Hamby, P.A.*, by: *Michael Hamby*, for appellee.