Cite as 2021 Ark. 125

# SUPREME COURT OF ARKANSAS

**No.** CV–20–174

|  |  |
|---|---|
|  | **Opinion Delivered** June 3, 2021 |
| (IN THE MATTER OF THE ADOPTION OF A.M.P. AND A.A.P.) BRINCE PLYMALE <br><br> APPELLANT <br><br> V. <br><br> JEREMY ALAN ROGERS AND BRANDIE NICHOLE ROGERS <br> APPELLEES | APPEAL FROM THE LOGAN COUNTY CIRCUIT COURT, SOUTHERN DISTRICT [NO. 42BPR-18-74] <br><br> HONORABLE DAVID H. MCCORMICK, JUDGE <br><br> <u>REVERSED AND DISMISSED; COURT OF APPEALS' OPINION VACATED</u>. |

**SHAWN A. WOMACK, Associate Justice**

Consent lies at the foundation of Arkansas's adoption statutes. A petition to adopt a minor generally cannot be granted without written consent of the natural parents unless the right to consent has been relinquished or otherwise excused by statute. As relevant here, consent is not required of "a parent of a child in the custody of another, if the parent for a period of at least (1) year has failed significantly without justifiable cause . . . to provide for the care and support of the child as required by law or judicial decree." Ark. Code Ann. § 9-9-207(a)(2)(ii). The circuit court determined that Brince Plymale's consent was not required under this provision in the adoption of his two minor children to their natural mother and her husband, Brandie and Jeremy Rogers. The circuit court's adoption order is reversed and dismissed.

I.

In February 2015, Brince and Brandie divorced after nearly fifteen years of marriage. The relationship produced a son, who has reached the age of majority and is not part of this proceeding, and two minor daughters: A.M.P. and A.A.P.[1] Nearly two years after the divorce, Brandie married Jeremy Rogers. This appeal arose from the Rogerses' November 2018 petition seeking to adopt A.M.P. and A.A.P. They alleged that Brince failed significantly to financially support the children for a period of at least one year and thus his consent was not required under Arkansas Code Annotated section 9-9-207(a)(2)(ii). Notably, they did not allege that Brince failed to provide care for the children during any one-year period. They also claimed adoption was in the children's best interest due to a "very rocky relationship" with Brince. Both children consented to the adoption. In response, Brince asserted that his consent was necessary, objected to the adoption, and argued it was not in the children's best interest.

Following a bench trial, the circuit court granted the adoption petition in October 2019. It determined that Brince's consent was not required and that adoption was in the children's best interest. In reaching its decision, the court relied on the parties' testimony and orders from Brince and Brandie's divorce and custody proceedings.[2] It found that Brandie was a credible witness but that Brince was not. Because Brince visited the children a sufficient number of times since the divorce, the circuit court found that he did not fail

---

[1]According to the record, A.M.P. reached the age of majority during the pendency of this appeal.

[2]The divorce and custody proceedings are part of a separate case filed in Franklin County Circuit Court (the "trial court"). *See Plymale v. Plymale*, Case No. DR–2014–126.

significantly without justifiable cause to communicate with the children for a period of at least one year. *See* Ark. Code Ann. § 9-9-207(a)(2)(i). The court's consent decision centered solely on section 9-9-207(a)(2)(ii)'s "care and support" requirement.

In analyzing whether Brince failed significantly without justifiable cause to provide for the care and support of the children, the court viewed Brince's actions during two distinct periods. The first period began with the February 2015 divorce decree and ended in September 2016. As part of the decree, the parties were given joint custody of the children. Brandie was named the primary custodian and kept the children during the week. Brince was awarded—and regularly exercised—specified visitation each weekend. The decree provided that "[i]n contemplation of spending an equal amount of time with the children, neither party shall be required to pay child support at this time." They were ordered to equally share the children's expenses and were responsible for half of any healthcare expenses not covered by insurance. Joint custody was terminated on September 7, 2016. At that time, the trial court entered an ex parte emergency order suspending Brince's visitation after he allowed their underaged son to drive A.M.P. and A.A.P. without a license. The circuit court viewed this order as marking the end of the first period.

Though the trial court explicitly declined to award child support in the decree, it pointed to the decree's language that no support was required "in contemplation of the parties spending an equal amount of time with the children." During this first period, the court found that the parties did not have the children an equal amount of time. Accordingly, the foundation upon which Brince was not to pay any child support did not exist. By failing to have the children an equal amount of time, the court determined that Brince was not

3

entitled to pay no support or use the lack of any support order in the divorce decree as justification for not supporting his children.

The second period began in September 2016 and ended with an August 2018 order that awarded Brandie with permanent custody and child support. A review of the court orders show that Brandie had custody of the children during this time. Brince was given reasonable visitation, to be no less than every other weekend and holiday, but was not ordered to pay child support. Brandie testified that she requested financial help from Brince but was consistently rejected. According to Brandie's testimony, however, Brince regularly exercised his visitation. Indeed, in October 2017, the trial court granted Brince's request for additional visitation to make up for missed visits when the children allegedly refused to go with him. There was no testimony suggesting that Brince failed to provide for the care and support of the children during the times he exercised visitation.

In an August 2018 order, which was dated in May, Brince was ordered to pay child support beginning June 1 of that year. This marked the first time that Brince was ordered to pay child support of any kind. Despite this order, he did not make any payments until after the adoption petition was filed in November. As part of the order, Brandie was awarded permanent custody. Brince continued to have visitation every other weekend and was awarded weekly telephone visitation. This order marked the end of the second period. Because Brandie had full custody of the children and Brince was given only limited visitation, the circuit court found that any reliance on the divorce decree's order of no child support was unjustified during the second period.

4

Though Brince was not ordered to pay child support until June 2018, the circuit court determined that he had a duty to financially support his children. The court found that Brince failed to meet this duty and thus failed to provide for the "care and support" of his children under section 9-9-207(a)(2)(ii). Because each period exceeded one year, the court held that Brince's consent to the adoption was not required. It further found that adoption was in the children's best interest and granted the petition. This appeal followed.

The Arkansas Court of Appeals reversed and dismissed. *See Plymale v. Rogers*, 2020 Ark. App. 568. We granted review and now consider this case as though it was originally filed in this court. *See Myers v. Yamato Kogyo Co., Ltd.*, 2020 Ark. 135, at 3, 597 S.W.3d 613, 616. Our review is de novo, but we will not reverse the circuit court's decision absent clear error. *See Martini v. Price*, 2016 Ark. 472, at 4, 507 S.W.3d 486, 489. A finding is clearly erroneous when, despite evidence to support it, we are left with the firm conviction that a mistake has been made. *Id.* We defer to the circuit court's superior vantage point on matters of witness credibility. *See Rodgers v. Rodgers*, 2017 Ark. 182, at 4–5, 519 S.W.3d 324, 327. Personal observations of the court are given great weight in cases involving the welfare of young children. *Id.*

## II.

Parental rights and the integrity of the family unit have always been a concern of this state and their protection regarded as a proper function of the courts. We have long given careful protection to a natural parent's rights. *See In re Adoption of Parsons*, 302 Ark. 427, 431–32, 791 S.W.2d 681, 683 (1990). Adoption proceedings are in derogation of the natural rights of parents, and statutes permitting such are to be construed in a light favoring

continuation of the rights of natural parents. *See Bush v. Dietz*, 284 Ark. 191, 195, 680 S.W.2d 704, 705 (1984). Adoption changes the natural relationship between parent and child: it changes the course of lives, the manner of inheritance, the people with whom the child associates, and it cuts the ties and relationship between the child and the family of the parent whose rights are terminated. *Id.* Indeed, the effect of adoption is to relieve the biological parent "of all parental rights and responsibilities" and terminate "all legal relationships between the adopted individual and his or her biological relatives . . . so that the adopted individual thereafter is a stranger to his or her former relatives for all purposes." Ark. Code Ann. § 9-9-215(a)(1).

Adoption was unknown at common law and is thus governed entirely by statute. *See Irvan v. Kizer*, 286 Ark. 105, 108, 689 S.W.2d 548, 559 (1985). In Arkansas, the statutory adoption scheme is primarily found within the Revised Uniform Adoption Act. *See* Ark. Code Ann. §§ 9-9-201 through –224. Under the Act, a petition to adopt a minor may generally be granted only if written consent to the adoption is provided by the minor's mother and father. *See* Ark. Code Ann. § 9-9-206(a). There are limited statutory exceptions that preclude the necessity of consent. *See* Ark. Code Ann. § 9-9-207(a). As relevant here, consent is not required of "a parent of a child in the custody of another, if the parent for a period of at least one (1) year has failed significantly without justifiable cause (i) to communicate with the child or (ii) to provide for the care and support of the child as required by law or judicial decree." Ark. Code Ann. § 9-9-207(a)(2). Adoption statutes are strictly construed, and a person who wishes to adopt a child without the consent of the

parent must prove that consent is unnecessary by clear and convincing evidence. *See Racine v. Nelson*, 2011 Ark. 50, at 11, 378 S.W.3d 93, 100.

The Rogerses were accordingly required to show by clear and convincing evidence that Brince (1) failed significantly to provide for the care and support of the children as required by law or judicial decree; (2) for a period of at least one year; (3) without justifiable cause. "Failed significantly" does not mean "failed totally." *Rodgers*, 2017 Ark. 182, at 4, 519 S.W.3d at 327. Rather, it means a failure that is meaningful or important. *Id.* "Without justifiable cause" denotes a failure that is voluntary, willful, arbitrary, and without adequate excuse. *Id.* Moreover, the one-year period may be any one-year period that accrues before filing the adoption petition, not necessarily the year preceding the filing of the adoption petition. *See In re Adoption of K.F.H.*, 311 Ark. 416, 420, 844 S.W.2d 343, 345 (1993).

On appeal, Brince claims the circuit court erroneously concluded that the Rogerses proved each prong.[3] Brince first contends he did not fail significantly to provide for the care and support of his children as required by law or judicial decree for a period of one year because he was not subject to a child support order until June 1, 2018. Though he failed to make any payments until after the adoption petition was filed in November 2018, this failure falls short of the one-year requirement under section 9-9-207(a)(2). However, the circuit court did not base its order on Brince's failure to pay under the 2018 order. Rather, it concluded that Brince "failed significantly without justifiable cause to provide for the care

---

[3]Brince also contends that the children were not "in the custody of another." This argument was not raised below and is thus unpreserved for appellate review.

and support of the children as required by law for a period of at least one year" based on his failure to pay support prior to the 2018 order. The circuit court's error is twofold.

First, the court erroneously imposed a duty of child support despite the divorce decree's express order that no support was owed. It is well settled that a parent has a legal obligation, independent of statute, to support his minor child. *See Pender v. McKee*, 266 Ark. 18, 28, 582 S.W.2d 929, 934 (1979). This moral and legal duty remains regardless of the existence of a support order. *See Fonken v. Fonken*, 334 Ark. 637, 642, 976 S.W.2d 952, 954 (1998). That said, the legal duty that exists in the absence of a support order is different than the situation here where the court affirmatively orders no payment. Indeed, a natural parent's reliance on the express terms of a divorce decree may provide justifiable cause for failing to provide any support for the child. *See In re Glover*, 288 Ark. 59, 62, 702 S.W.2d 12, 13 (1986); *see also Loveless v. May*, 278 Ark. 127, 644 S.W.2d 261 (1983) (similar).

Here, the trial court explicitly declined to order any child support obligation from February 2015 until June 2018. It specifically ordered that neither party shall pay support in the original divorce decree. That provision was left undisturbed by the trial court until 2018, despite multiple opportunities to address it. Brince was entitled to rely on that order and should not be punished with the loss of a relationship with his children for that reliance. Because the trial court expressly stated that child support was not owed, Brince's failure to pay child support from February 2015 until June 2018 cannot be held against him for purposes of consent under section 9-9-207(a)(2)(ii).

The circuit court's next error followed from its conclusion that Brince failed to provide for both the "care and support" of his children. The court's analysis focused only

the "support" requirement. The statute, however, requires a showing that the parent failed to provide for the "care *and* support" of the child. Ark. Code Ann. § 9-9-207(a)(2)(ii) (emphasis added). Though the care component of the statutory language is often overlooked, the statute requires a failure to provide both. The Rogerses' adoption petition stated that Brince's consent was not required simply because he "failed to significantly financially support" the children. There was no assertion or evidence on the record that Brince failed to provide for the children's care. To the contrary, the undisputed evidence shows that Brince provided for the care of his children. The circuit court found that Brince routinely exercised his visitation in the years following the divorce. The parties agree that during his visitation, Brince provided the children with food and shelter and even took them on various trips. We conclude that the circuit court erroneously applied the statute by failing to account for the "care" requirement. Thus, the children could not be adopted without Brince's consent.

The circuit court clearly erred in finding that Brince's consent to the adoption was not required based on a failure to provide for the care and support of the children for a period of one year. Because we reverse and dismiss on this point, we need not consider Brince's challenge to the circuit court's best interest finding.

Reversed and dismissed; court of appeals' opinion vacated.

*Gean, Gean & Gean*, Attorneys at Law, by: *David Charles Gean*, for appellant.

*Michael Hamby* and *Robert S. Tschiemer*, for appellees.